## JOHN R. WEIR v. JOHN W. BROOKS.

The affidavit for a distress warrant should not merely state that the writ is not
sued out for the purpose of vexing and harrassing the defendant, but should
also state that the rent is due, or that the tenant is about to remove from the
rented premises, or that he is about to remove his property from the rented
premises.

Where verdict is returned against the defendant in a proceeding by distress
warrant for rent, under the Statute, it is error to include in the judgment the
surety of the defendant in his bond to replevy the property distrained ; the
surety's liability does not accrue until failure to deliver the property.

See this case for what is said as to the construction of that clause in the Statute
which confines the preference given to landlords over other creditors, to the
crop raised on the rented premises,

It would seem that where the surety in a replevin bond is (improperly) includ-
ed in the judgment against his principal, he may prosecute a writ of error
alone, and assign any errors which his principal could assign.

Error from Washington.   Tried below before the Hon. R.
E. B. Baylor.

Nov. 8th, 1852, affidavit by J. W. Brooks, before the Justice of the Peace, " that the distress warrant now prayed for by him, is not sued out against Robert W. Smith for the purpose of " vexing or harrassing the said Robert W. Smith." Bond of plaintiff filed and approved same day. Then followed a note dated December 16th, 1851, whereby Smith promises to pay Brooks $200 on the first day of January, 1853, " for the rent of his place or farm ;" which the Justice of the Peace stated in his minutes, was produced to him by the plaintiff on his application for the distress warrant. The amount claimed being over one hundred dollars, the distress warrant was returnable, under the Statute, to the District Court, and the Justice of the Peace transmitted the papers to said Court, as the Statute also requires.

At the first Term of the District Court, April 5th, the defendant Smith filed the following motion, which was overruled: " And now at this Term of the Court comes the defendant in " the above entitled suit, and moves the Court to quash the " distress warrant, and the levy and proceedings thereon, in " said case, for want of a sufficient affidavit and bond, and be- " cause the entire proceedings are illegal and oppressive, and " the levy, made under the distress warrant, was excessive; and " further, that no petition has been filed in said case and notice " given to defendant ; whereupon, defendant moves the Court " to quash the entire proceedings and dismiss said case from " the docket."

At the same Term, trial and verdict for the plaintiff upon the merits, and a new trial granted. Fall Term, 1853, the defendant repeated his motion to quash the distress warrant, enlarging his grounds and stating specifically, that the affidavit was defective, because it did not state that defendant was about to leave or to remove his property from the premises, and it appeared that the debt was not due at the time of suing out the distress warrant. This motion was again overruled. Verdict for plaintiff, upon which judgment was entered against

the defendant Smith and Weir, the surety in his replevy bond.

Weir prosecuted this writ of error alone.

*Giddings & Giddings*, for plaintiff in error.

*A. M. Lewis*, for defendant in error.

LIPSCOMB, J. This suit was commenced by a distress warrant, issued by a Justice of the Peace, at the instance of the defendant in error, against Robert W. Smith. It was levied on a negro girl, and four hundred bushels of corn. Weir, the plaintiff in error, became bound with Smith in a replevy bond. The proceedings of the Justice of the Peace were returned to the District Court, where, after exceptions taken by the defendant, were overruled, there was a verdict against Smith, on which judgment was rendered against Smith and Weir, the plaintiff in error, for the amount found by the jury. Weir alone brings the case by a writ of error into this Court, and assigns error,

That the issuance of the distress warrant was not authorized by law.

That the judgment against the security is not authorized by law.

The authority for issuing a distress warrant, at the instance of the landlord, against his tenant, is found in the Act of Jan. 16th, 1843, concerning rents. (Art. 2803, Hart. Dig.) The first part of the first Section of the Act provides " That all " persons granting a lease of lands or tenements, either at will ' or for a term, shall have a lien upon all the property of the " tenant upon the premises for the payment of the rents becom- "; ing due under such lease, whether the same is to be paid in " money, cotton, corn, or whatever else may be raised on the premises." The first Section of the Act of 3 Feb., 1844, pro-

vides " that the landlord shall not have a preference over " other creditors on any portion of the tenant's property, ex- " cept upon the crops that may be raised upon the rented prem- ises." (Hart. Dig. Art. 2808.) The second Section of the Act of 1843, under which the distress warrant was issued in this case, provides, " that when any rent shall become due, or the " tenant about to remove from the rented premises, or remove " his property from such rented premises, it shall be lawful for " the person to whom the rent is payable, his agent, attorney, " or assigns, to apply to any Justice of the Peace in the coun- " ty where the premises are situated for a distress warrant, to " seize the property of such tenant." (Hart. Dig. 2804.) There is a provision in the latter part of the Section, direct- ing in what mode it shall be shown that the demand is for rent; and one of those modes is the oath of the party, where it does not appear by writing.

It seems to be clear, beyond dispute, that the authority to resort to the remedy to recover rent by a distress warrant, rests upon three distinct grounds, contained in the Statute, and separated in it by the disjunctive " or." First, the rent must be due, or the tenant about to remove from the rented premises, or about to remove his property from such rented premises.

In this case, the rent was secured by a promissory note showing upon its face that it was for rent, and showing that it was not due. Then, if the landlord had a right to the remedy by distress warrant, it must have been upon one of the other two grounds, that the tenant was about to remove from the rented premises, or about to remove his property from such premises; and it should have been shown to the Justice on which of these grounds the claim for the warrant was rested. The Statute does not declare in express words, how it should be shown to the Justice of the Peace that the particular fact existed, to authorize the writ; but that it should be shown in some way that it did exist, cannot be doubted; and it would

Weir v. Brooks.

seem, that the most satisfactory way would be by affidavit of the person applying for the writ.

If, however, the Justice had alleged that the applicant had shown to his satisfaction that one of the two grounds did exist, we might sustain the proceeding, on the ground that it must be presumed that it had been shown in a way that in his judgment was satisfactory. But it does not seem that there was any other ground for the support of the application, but the note, and that of itself did not support the right to the writ, because the rent is shown thereby not to be due.

There seems to be good reason, besides what we have suggested, that the particular ground should be shown upon which the right to claim the writ rested ; because, if the writ had been issued by the Justice alone upon the exhibition to him of the note in this case, and he had issued it on an error of judgment, it might well be questioned if the tenant could have had a remedy by a resort to the landlord's bond. It seems that the only ground upon which the applicant asked for the writ, and the only one upon which it was granted, was the note ; and it is clear that that ground did not authorize its issue.

The Court below ought to have quashed the proceedings on the motion of the defendant below.

The other error assigned must be sustained ; the law does not authorize judgment to be entered against the security in the replevy bond, on the verdict of the jury finding the debt against the principal. His liability accrued on the forfeiture of his bond, and it is not shown that the contingency had happened, and he was no party to the issue before the jury. If sued on his bond, on failure to deliver the property, the forfeiture would be the gist of the action ; and in his defence he could have shown that a part of the property seized had been appropriated by the creditors, as it is shown by the Act of 1844 the landlord had no preference of lien upon the slaves seized, over other creditors. The defendant Smith, the principal, has not complained of the judgment, and we have no right

to disturb it as to him.    But,  as  to the plaintiff in error, the
judgment is reversed.

                                        · Ordered accordingly.