## I. G. BOLTON v. J. G. SADLER.

(No. 1286, Op. Book No. 2, p. 555.)

APPEAL from McLennan County.    Opinion by QUINAN, J.

§ 1226. *Distress warrant; rules relating to.*    Sadler made affidavit before Crain, a justice of the peace, for a distress warrant for rent, which he claimed to be due him by Bolton, and gave bond as required by the statute.    No distress warrant, however, was issued by Crain, but about a month afterwards, one Massey, a justice of the peace of a different precinct, issued the distress warrant, but without any further affidavit or bond.    Sadler then filed his petition in the county court, the amount claimed being within the jurisdiction of that court.    A motion to quash the distress warrant was overruled, and Sadler recovered judgment for the full amount of his demand.    *Held*, 1. The petition shows upon its face that when the affidavit for the distress warrant was made before Crain, the debt for rent was not due, although the affidavit stated it was due.    Doubtless, for this reason, the proceeding before Crain was abandoned by Sadler.    Manifestly, if a distress warrant had been issued by Crain, it would have been illegally issued.    The facts did not exist to justify its issuance.    [Weir v. Brooks, 17 Tex. 638; Sayles' Treatise, 406.]    2. The proceedings before Justice Massey were altogether a new suit.    The proceedings before Justice Crain had no application to this new suit.    Neither the affidavit nor the bond in the proceeding before Justice Crain had anything to do with the new suit before Justice Massey.    The distress warrant issued by Justice Massey was therefore issued without affidavit and without bond, and should have been quashed.

§ 1227. *Set-off; plea in, against note transferred to plaintiff.*    Sadler's suit was upon two notes given by Bolton to B. P. Sadler or bearer.    Bolton pleaded in defense that one Henry W. Sadler was the actual owner of

the notes and was insolvent, and that he, Bolton, owned two judgments against said Henry W. Sadler, which he pleaded in set-off. On the trial the proof showed the truth of this defense; that Henry W. Sadler owned the notes sued on, and that plaintiff held them merely as collateral security, to secure a debt of $70 which Henry W. Sadler owed him; that Henry W. Sadler was insolvent, and that defendant owned two judgments against him. The trial judge instructed the jury "to eliminate from their minds anything touching the judgments held by defendant against Henry W. Sadler, he not being a party to this suit." *Held*, Henry W. Sadler was not a necessary party to the suit. It was competent for the defendant to show who was the true owner of the notes, if he had any offsets or equities against such owner, and have them allowed in this suit, just as he might do in a suit upon the notes by the indorsee, indorsed after they became due or not negotiable. Henry W. Sadler might have made himself a party, but the defendant was not bound to have him made a party. If the transfer of the notes to plaintiff was made before they were due, the defendant, to the extent of the $70 which remained due to plaintiff by Henry W. Sadler, could not, of course, avail himself of the set-off pleaded. The plaintiff would be entitled to recover to the extent of his interest in the notes, and as much more as the defendant was unable to offset with his claims. The charge of the court, which excluded the consideration of defendant's offsets from the jury, was erroneous.

October 3, 1881.        Reversed and remanded.