J. E. McLELLAND, Sr., Appellant,

v.

Collie HUTCHESON, Appellee.

No. 5383.

Court of Civil Appeals of Texas.

El Paso.

March 16, 1960.

Rehearing Denied April 6, 1960.

Gaither & Brewster, El Paso, Ardell M. Young, Samuels, Brown, Herman, Scott & Young, Fort Worth, for appellant.

Kemp, Smith, Brown, Goggin & White, Tad R. Smith, El Paso, for appellee.

FRASER, Justice.

The parties to this controversy were partners in a cattle-buying or trading venture. It came to pass that appellee brought suit against appellant claiming certain obligations by virtue of the partnership relationship. The parties will hereinafter be referred to as plaintiff and defendant, bearing in mind that plaintiff is appellee here.

Plaintiff alleged that defendant had diverted to defendant's own use the sum of approximately $30,000 advanced by plaintiff to defendant. Plaintiff thereupon sued, asking for a dissolution of the partnership and damages in the sum of $30,000.

Simultaneously with the filing of said suit, plaintiff filed an affidavit and bond for attachment. The attachment was served on certain of the defendant's property. These proceedings were all initiated in El Paso County, Texas.

Defendant filed his plea of privilege, alleging his residence to be in Tarrant County, and asking that the suit be transferred to said county. Subject to said plea, defendant then filed a cross-action against plaintiff and the sureties on the attachment bond, alleging wrongful attachment and asking for issuance and service of citation; and the record shows that the bondsmen were served with citation.

The trial court denied the plea of privilege, and from such action defendant has duly brought his appeal to this court.

Plaintiff alleges that the case of Whisnant v. Kurtz, Tex.Civ.App., 228 S.W. 977, is authority to justify and support the trial court's action. In this particular case, decided by the Galveston Court of Civil Appeals in 1921, and which seems to bear no writ history, the court very clearly held that to bring in, or implead, a third party constituted a waiver of the pleader's plea of privilege. (A number of other cases are cited and referred to, with which we do not propose to burden the record, as they all hold—and quite rightfully—that

to cross-file or cross-complain against a *plaintiff* does not constitute any waiver. Of course these cases, led by Hickman v. Swain, 106 Tex. 431, 167 S.W. 209, are not helpful here, as a third party was not involved.) In the Whisnant case, the Galveston court stated that, by asking the court to bring in a third party by way of service of citation, defendant had invoked the jurisdiction of the court and thereby waived the plea of privilege. The defendant in that case was being sued for the balance of the purchase price of some cattle; and he, in turn, asked that the Santa Fe Railroad Company be impleaded, and that he have recovery over and against the railroad if he, himself, were found liable. It cannot be doubted that this case clearly holds that the impleading of a third party constitutes waiver of the plea of privilege, and, if it stood alone in this particular arena of judicial conflict, we would be obliged to give it very serious consideration.

However, thirty years later, the Fort Worth Court of Civil Appeals, in the case of Stark v. Super-Cold Southwest Co., 239 S.W.2d 402, 403, reached an opposite result; and in this particular case the records show that the Supreme Court denied a writ of mandamus. In this case the pleadings, which have been sent up to us, show that B. E. Stark alleges that, while he bought the *store* from R. E. Love, he did *not* buy the particular fixtures. R. E. Stark, having filed his plea of privilege, then asked that R. E. Love be impleaded, alleging that he was a necessary party to the proper final disposition of the lawsuit. The Fort Worth Court of Civil Appeals specifically stated in its decision as follows:

"We do not accept Whisnant v. Kurtz, Tex.Civ.App., 228 S.W. 977, cited by appellee, as authority compelling us to hold that the plea of privilege was waived."

The court went on to say that the same rule ought to apply in that particular case

as was applied in the Hickman case where, of course, there was no third party. It must also be noted that McDonald, Texas Civil Practice, makes the statement that the impleading of a third party constitutes a waiver of the plea of privilege, and the author seems to imply that that is true whether the cross-action states that it is expressly subject to the plea of privilege or not. In all three cases—to wit, the two above cited and the one before us—the defendant has expressly stated that his cross-action is subject to the plea of privilege.

We believe that the latter case—to wit, Stark v. Super-Cold Southwest Co. (supra) —is the best indication of what the law ought to be on this troublesome subject. This case was decided thirty years after the Whisnant case, and the Supreme Court did deny mandamus in the matter. When the Supreme Court denied mandamus in the Stark case, presumably it had the holding of both cases before it. We say this because the Stark case expressly repudiates the Whisnant case; 'so we feel that the court's refusal of mandamus is perhaps an implied repudiation by the Supreme Court of the Whisnant case.

We fully realize that some problems may be presented where the impleaded party may live in yet another county than that of the defendant or plaintiff; but we feel confident that the rules of pleading dealing with severance, and other remedies, will be sufficient to protect the rights of all parties. In the case presently before us, we therefore hold that defendant, by impleading the two sureties on the attachment bond, has not waived his plea of privilege.

With regard to this case in particular, we think, too, that the defendant's position is further strengthened by the fact that the sureties here, who were sureties on the plaintiff's bond, were, in fact, parties already in the lawsuit along with the plaintiff. This particular theory has been enunciated to some degree by the Supreme Court, in Hodde v. Susan, 58 Tex. 389, wherein the Supreme Court held that a justice of the peace was disqualified from trying a case because he was related to one of the sureties upon the claimant's bond. The court discusses the liabilities and rights of sureties and the likelihood of the necessity of their interposing defenses to any attack upon them as sureties. The court states:

"Here, then, we have all the characteristics of a party to a suit combined in such surety. This Court has heretofore held that a surety on an attachment bond might move to quash it, (Burch v. Watts, 37 Tex. 135) and that a surety on the bond of a defendant in a distress warrant suit might take a Writ of Error to the Supreme Court. Weir v. Brooks, 17 Tex. 638."

The court also said:

"In our opinion they are parties to the cause in the sense of the term as used in our Constitution and laws."

In its holding, the court stated:

"We hold that the surety in this case comes within the term 'party' as used in the Constitution * * *"

In the case of The Leader, Inc. v. Elder Mfg. Co., 39 S.W.2d 880, the Commission of Appeals stated:

"In our opinion, the sureties on a Replevy Bond in Attachment proceedings have a right to protect their interest by moving to quash the Affidavit and Bond, as was done in this case, and by interposing a defense to the suit. The names of the sureties on a Replevy Bond may not appear on the docket as parties to the suit, but we think in view of their interest and connection with the suit, they have a right to question the sufficiency of the Affidavit and Bond in the attachment proceedings."

Defendant's brief also states that the Supreme Court stated, in the Hodde case:

"A narrow or contracted construction of the term 'party' which confines it to the very persons named on the docket as parties, and excludes such as stand precisely in the same relation, would often defeat the end had in view of having jurisdiction impartially administered free from the bias and influence produced by the interest had in the cause by the Judge or his relations."

For these reasons, we believe that, in the case before us, the sureties on this attachment bond would be considered parties, and we so hold. That being true, then the case would also come under the holdings of the Hickman case (supra), as the defendant would actually not be impleading a third party by cross-filing against the party plaintiff and the said sureties. Therefore, we hold that the trial court was in error in denying the defendant's plea of privilege.

The decision of the trial court is accordingly reversed, and remanded with instructions that the defendant's plea of privilege be reinstated and in all things sustained.