## M. B. BENNETT, EX'R, v. JOSIAH DOWLING.

The liability of a witness, to one of the parties to a suit, for costs, makes his interest preponderate in favor of that party, though otherwise balanced.

When the surety upon a promissory note is sued, the principal is liable to him for the costs he may have to pay by reason of such suit.

Where the bill of exceptions in the record, contains a statement of all the facts given in evidence, according to the certificate attached thereto by the judge, and, (as must be presumed,) is intended to embrace both a statement of facts and bill of exceptions, and it appears from it, that the judgment was obtained by reason of the admission of improper testimony, (though the bill of exceptions be not signed or agreed to by the parties, or their counsel,) the judgment will be reversed.

ERROR from Lavaca. Tried below before the Hon. Fielding Jones.

A bill of exceptions was taken by the plaintiff, upon the trial, as follows, to wit: "This day came on this cause for trial, and "the plaintiff read his petition and note sued, and closed his "case. And the defendant introduced as evidence the deposi-"tion of L. W. Layton, as follows," (here followed the deposition,) "which was read as evidence, to which the plaintiff "excepted, which exception of the plaintiff was overruled. The "above was all the testimony in the case. To which ruling of "the court, overruling the exceptions to the reading of the "depositions of said L. W. Layton, the plaintiff excepts, and "prays that this his bill of exceptions be signed and sealed by "the court, which is accordingly done.

                              "F. JONES, [SEAL.]
                              "Judge 10th Jud. Dist."

A jury was waived, and the case submitted to the judge, who gave judgment for the defendant. The other facts are apparent from the opinion.

*Allen* and *Hale*, for plaintiff in error.

*R. M. Tevis*, for defendant in error. It is first submitted,

whether the court will revise this case in the absence of a statement of facts. That the bill of exceptions, signed by the district judge, does not meet the requisitions of the statute respecting a statement of facts, is clear. (Hart. Dig. Art. 788.)

If the admission of the testimony of Layton was erroneous, still there may have been other testimony sufficient to warrant the judgment. And in the absence of a statement of facts, it will be assumed by this court that there was such testimony.

Layton's interest was balanced. If the judgment should be against Bennett, Layton would be liable to McDermott's estate. If the judgment should go for Bennett, Layton would be liable to his surety, Dowling.

ROBERTS, J. This is a suit by Bennett, as sole executor, &c., on a note executed by Layton and Dowling. The depositions of Layton, proving a settlement of the debt by him with Bennett, were read in evidence, notwithstanding the objection of Bennett, made in writing before the trial, "that the said "Layton, being the principal in said note, as shown from his "depositions, is incompetent to testify, to release or discharge "his surety, Dowling, to whom he would be liable for the debt "and costs, in case the plaintiff succeeds in this case, and "against whom the record in this suit could be used." The depositions do show, that Dowling signed the note as surety for Layton. There is no evidence that Dowling released Layton from his liability to refund to him either the debt or the costs of this suit.

The exceptions to the testimony of Layton being overruled, the question is, was he a competent witness, under these circumstances, for Dowling, his surety, to prove that the debt had been paid or settled?

It may be said, that Layton could not exonerate himself from his liability to pay the debt, by his own evidence; that if Dowling gained the suit by his evidence, he, Layton, would be still liable to pay the debt, as principal obligor, at the suit of Bennett; and if Dowling lost the suit, and paid the debt, he, Lay-

ton, would be liable to refund the debt to him, as his surety, and that thereby his interest is equally balanced. This view of the subject leaves out the important consideration, that if Dowling should lose this suit, Layton's liability would be increased to the extent of the costs of this suit, the reimbursement of which, as well as of the debt, Dowling could exact of him.

This was made the controlling consideration, in a similar case, in the Supreme Court of the United States. Chief Justice Marshall, in delivering the opinion, says, "but the principal circumstance was, that Welch's (the principal's) liability "would be increased to the extent of the costs of this suit, if "the judgment should be against Moss," (the surety.) (Riddle v. Moss, 7 Cranch's Rep. 206.)

Upon the same subject, the Supreme Court of Alabama say, that "the suit being against the surety to the note, the principal was responsible to him, not only for the amount of the "note and interest, but could also be required to reimburse "the surety the costs which he might be compelled to pay, "and was therefore not a competent witness for the surety, "without a release from liability from costs." (Richards v. Griffin, 5 Ala. Rep. 195; see also 1 Starkie on Ev. 113.)

We are of opinion that the depositions should have been excluded.

The bill of exceptions, found in the record, under the hand and seal of the presiding judge, contains a full statement of all the facts given in evidence, according to the certificate attached thereto, and as we must presume, was intended to embrace both a statement of facts as well as a bill of exceptions. Judgment reversed and cause remanded.

Reversed and remanded.