### J. M. GOULD AND OTHERS v. J. H. BEAL AND ANOTHER.

The tendency of modern decisions is to the relaxation of the old rule that a party to the record is not a competent witness.

A party to the record may be called by the opposite party to testify against his own interest if he is willing to do so; a merely nominal party, who is not interested, is not disqualified simply because he is a party to the record; a party to a negotiable instrument may be called as a witness to impeach the instrument, where he is not interested, or where he is called by the opposite party to testify against his own interest.

A party who may be collaterally affected by the judgment to be rendered may have his competency restored by a release, by the substitution of another person in his stead, or by a deposit of money; but otherwise, if the party called to testify is interested directly in the contract upon which the cause of action arises.

APPEAL from Washington. Tried below before the Hon. R. E. B. Baylor.

The appellees, James H. Beal and Alexander Beal, citizens of Boston, Massachusetts, composing the firm of James H. Beal &

Bro., sued James H. Littlefield and James M. Gould, citizens of Washington county, Texas, composing the firm of J. M. Gould, & Co., also, John M. Brown and John McMiller, composing the firm of Brown & McMiller, also citizens of Washington county, upon a draft drawn by Jas. H. Beal & Bro., in favor of Brown & McMiller on J. M. Gould & Co., for the sum of $707 90, payable six months after date, at the office of Messrs. Pierce & Bacon, of the city of Boston, dated August 9th, 1856, and accepted by J. M. Gould & Co. Petition alleged that said draft, for a valuable consideration in due course of trade, was transferred and indorsed by Brown & McMiller to plaintiffs; was duly presented for payment and protested for non-payment.

The defendants pleaded that the indebtedness was incurred in consideration of a certain lot of furniture purchased of plaintiffs; that the furniture was to be of a certain kind, called "knock down" furniture; that the same was to be shipped as "knock down" furniture by the plaintiffs to defendants; that plaintiffs, in violation of their contract, shipped the furniture, not "knocked down," but in large packages, whereby the freights upon the same were increased to a great degree, to wit, in the sum of seven hundred dollars, which sum they pleaded in reconvention and as a set-off.

The defendants introduced John McMiller as a witness to prove by him that the facts set forth in the plea were true as stated. The plaintiffs objected to his evidence on the ground of interest. John McMiller, on his *voir dire*, stated that he was a member of the firm of Brown & McMiller, the drawees of the draft, that neither he nor Brown had any interest in the result of the suit, that Brown & McMiller were indorsers and security for J. M. Gould & Co., that James H. Littlefield, one of the firm of Gould & Co., had already paid into the hands of Brown & McMiller, subject to the result of the suit, the entire amount of the debt and interest, also, one hundred dollars additional, as a guarantee against all costs, or any sum that might subsequently accrue as interest or otherwise. The court excluded the testimony. Verdict for plaintiffs for $802 36. Judgment rendered accordingly. Motion for new trial overruled. Appeal by defendants below.

*Sayles* and *Bassett*, for appellant.   In considering the question
we have to consider only with a view to the objection made, to
wit, *that the witness was a party to the suit.*

Objections to evidence must point out the precise ground relied
on, or the adverse party is not bound to answer or demur.   Nor is
the court bound to respond to objections on grounds not specified.
(Houston v. Perry, 5 Tex., 467.)

When exceptions are taken to the admission of documentary ev-
idence, the party will, in the appellate court, be confined to the
very objections taken upon the trial.   (Herndon v. Casicino, 7
Texas, 322.)

The grounds of objection to the admissibility of testimony must
be distinctly stated at the time, and must be shown by the bill of
exceptions.   (Hagerty v. Scott, 10 Tex., 525; Pridgen v. Hill,
12 Tex., 378; Wright v. Thomson, 14 Tex., 558; Hamilton v.
Rice, 15 Tex., 382.)

When evidence is excluded on grounds which are not tenable,
the ruling will not be sustained on another ground which is good,
but which might have been obviated if taken in the court below.
(Butler v. Dunagan, 19 Tex., 559.)

If the objection had been on the ground of interest it might
have been obviated by the payment of the money into court or
otherwise.·   As other objections to the admissibility of the evidence
may be taken, should the judgment be reversed, I propose to con-
sider all that may be urged, that this court may, by its opinion,
indicate a proper disposition of the case on another trial.

Three objections may be taken to the competency of the witness.

1st.   That he is a party to the suit.     2nd.   That he is a party
to the bill.     3rd.   That he is interested in the result.

The first objection is elaborately examined and disposed of in
the case of Ware v. Bennett, 18 Tex., 794, which recognizes the
rule in equity, that a party totally disinterested is a competent
witness, and the objection to the competency of a witness is made
to rest upon the ground of interest, and not that he is a party to
the record.   Applying this principle that the ground of exclusion
rests upon interest alone, it is immaterial whether the witness is
called by the opposite party or by a co-defendant.   In equity the

examination of a defendant by a co-defendant is admitted in all cases where the defendant to be examined is not interested in the result. (2 Daniels, Chan., Pr. 1043; Piddock v. Brown, 3 P. W., 288.)

An order allowing a defendant to examine his co-defendant as a witness will always be granted upon a suggestion that the party to be examined has no interest in the cause, leaving the question of interest to be settled at the hearing of the proofs. (Nevill v. Demeritt, 1 Green Ch., 321.)

In Parsons v. Phipps, 4 Tex., 341, it was held that when suit is brought under our statute against all the parties to a promissory note or bill of exchange, as in the present instance, the competency of the parties as witnesses is not affected by the joinder of them in the same suit.

At common law the acceptors and endorsers could not have been joined in the same action, but separate suits must have been instituted against each to enforce their several liability. Under our statute, suit can be brought against the acceptors and endorsers jointly, but the competency of one as a witness for the other is not thereby affected. (Parsons v. Phipps, 4 Tex., 341.) And the mere naked objection that the witness is a party to the suit, especially when the suit is against the different parties to a bill, is untenable.

To the second objection that the witness is incompetent on the ground of being a party to the bill, it is sufficient to reply that the doctrine that a party to a negotiable instrument, interest or no interest, is an incompetent witness, has been rejected by this court. (Parsons v. Phipps, 4 Tex., 341.)

3rd. Was the witness incompetent on the ground of interest? It is shown by the averments of both parties that the witness was an accommodation endorser; that the bill was given for a debt due from the acceptors Gould, & Co., and that they are primarily liable for its payment. If judgment is rendered for the plaintiffs against all of the defendants, the witness was entitled immediately to a judgment over against the principal, with directions to levy the execution first upon the property of the principal. (Laws 7th Legislature, pp. 113–17.) In the present case it was not even

necessary for the witness to suggest that he was surety, as that fact is stated in the answer of the co-defendant. In the absence of proof to the contrary, we must presume that the acceptors were responsible for the amount of judgment. The witness, therefore, had no interest in the result; upon a judgment against him, he would be protected by a simultaneous judgment against his principal.

Again he was not interested; for the full amount of the note, interest and costs had been placed in his hands to abide the result of the suit, and it was a matter to him of perfect indifference how the judgment was rendered. If for the plaintiff, he had the money of the principal debtor with which to discharge it, if for the defendants, he was of course discharged.

Again, in the case of Parsons v. Phipps, 4 Texas, 341, it is held that when suit is brought under our statute against all the parties to a note or bill of exchange, the *competency* of those parties as witnesses is *not affected* by the joinder of them in the same suit. Would then the witness McMiller, one of the endorsers of the bill, have been a competent witness in an action against the acceptors alone?

If he would have been, then he is a competent witness in the present case, for the reasons stated in Parsons v. Phipps, and for the other reason, that in case of judgment against him, he would be entitled over to a judgment against his principal.

The case of Jordan v. Lashbrook, 7 Term. 603–4, and cited in Parsons v. Phipps, 4 Tex., 341, is in point. That was a suit on a bill of exchange against the *acceptors*, and on the trial Thynne, one of the endorsers, was called as a witness to prove that the bill, though dated in Hamburg, was in fact drawn in London, and was void for want of a stamp. Objection to the admissibility of his testimony was overruled, and he was held to be a competent witness.

In Baker v. Arnold, 1 Caines' Rep., 258, the endorser of a promissory note was held a good witness for the *maker*, in a suit against him by the endorsee, to prove the endorsement was made after the note became due, with a view to let in proof impeaching it.

In Woodhull v. Holmes, 10 Johns., 230, the endorser of a note was held a competent witness for the maker in an action against him on the note, to prove that the note was without consideration, and had been put in circulation fraudulently. White v. Kibbing, 11 Johns., 128, the endorser of a note was held to be a competent witness for the maker in an action against him on the note, to show that it had been paid before maturity and before the endorsement was made, and that the endorsee, who was the plaintiff, had notice of the payment. In Skilding v. Warren, 15 Johns. R., 270, the maker of a note was held to be a competent witness for the endorser in an action against him to prove fraud in putting the note in circulation.

In McFadden v. Maxwell, 17 Johns. R., 188, there was an agreement between the maker and the payee, at the time of the execution of the note, that it should be deemed void and returned, if the maker did not take certain goods of the payee for which the note was given, and the payee immediately endorsed the note to the plaintiff to secure a debt, at the same time informing him of the condition upon which the note was given. In an action against the *maker*, the endorser was held competent to prove that the plaintiff had notice of the conditions, and that the maker did not take the goods of the payee; so that the note became void.

In Stafford v. Rice, 5 Cowen, 23, the *payee* of a note who had endorsed it to the plaintiff was admitted as a witness in an action against the maker, to prove that it was void for usury. In Parker v. Hanson, 7 Mass. R., 470, the payee of a note who had endorsed it to the plaintiff, was held to be a competent witness in an action by the endorsee against the maker to prove an alteration of the note subsequent to its execution.

The same principle is decided in Storer v. Logan, 9 Mass. R., 55; Fitch v. Hill, 11 Mass. R., 286; Fox v. Whitney, 16 Mass., 118; Hepburn v. Cassell, 6 Serg. & Rawle, 113; Ringgold v. Tyson, 3 Har. & Johns., 172; Hunt v. Edwards, 4 Har. & Johns. 283; Gorham v. Carrol, 3 Littell, 221.

In the cases above cited the question considered was, as to whether, a party to a negotiable instrument was admissible to impeach it. And in every case that can be found where an endorser has been

excluded as a witness in behalf of the maker, or *vice versa*, it has been in consequence of the doctrine, that a party to a negotiable instrument shall not be heard to impeach it, and not on the ground of interest.

In Massachusetts, where witnesses have been excluded on that ground, they have been admitted in every case not coming within that rule.

The doctrine excluding parties to instruments on the ground of policy, has not been recognized here, and the only question as to the competency of a witness arises upon his *interest*. If the acceptors had been sued alone, as they might have been, without joining the endorsers, there is no doubt but that the latter would have been competent witnesses for the former to prove the terms of the contract and the damages resulting from its breach. Certainly the plaintiff will not be permitted to render incompetent as witnesses those who are otherwise competent, by simply joining them in the action. On the contrary, as is said in Parsons v. Phipps, the competency of the parties to a bill as witnesses, is not affected by the joinder of them in the same suit, (4 Tex. R., 341,) and when called to testify in behalf of each other. The question as to their competency is to be considered as if they had been severally sued in separate suits.

The very point here raised is discussed in 1 Hov. on Fraud, 99, and his language is explicit : "Where distinct claims against several parties grow out of one cause of suit, so that all may consistently be made defendants to the same bill of complaint, though the demands against them are not joint, but the suit is against one as to one subject, and against another as to a different subject, a court of equity will permit one defendant to be at liberty to examine another as a witness, saving all just exceptions upon an allegation that he is not interested in the matters as to which it is proposed to examine him ; otherwise the plaintiff, making all defendants in the same suit, might, by that sort of mechanism, deprive one of the benefit of another's evidence, contrary to all fair dealing."

Bail, and other securities, are constantly rendered competent by principals depositing a sufficient sum to pay the debt and costs.

(1 Phil. Ev., 85, 88, 110; 3 do., 89, 108; note, 93; 7 Con., 358; 3 Mart. Lou. R., 166, 169.)

*J. D. & D. C. Giddings*, for appellees.

BELL, J.   We are of opinion that there is no error in the judg- ment of the court below.

The tendency of modern decisions is to the relaxation of the old rule, that a party to the record is not a competent witness. A party to the record may be called by the opposite party to tes- tify against his interest, if he is willing to do so; and a merely nominal party, who is not interested, is not disqualified simply be- cause he is a party to the record.   It is also true, that a party to a negotiable instrument may be called as a witness to impeach the instrument; but this is only where he is not interested, or where he is called by the opposite party to testify against his own in- terest.   (See the cases of Ware v. Bennett, 18 Tex., 794 ; and Parsons v. Phipps, 4 Tex., 341.)   It is also true, that a party who may be collaterally affected by the judgment to be rendered, and who is, therefore, incompetent on the ground of interest, may have his incompetency restored by a release, by the substitution of another person in his stead, or by a deposit of money.   The case of a warrantor of the title to land, of a security for costs, and of a surety on a bail bond, are cases of this kind.   But these are always cases of collateral interest, and not cases in which the party called to testify is interested directly in the contract upon which the cause of action arises.   In the present case, the party called as a witness was directly interested as a party to the con- tract, and was called by his co-defendant to testify in support of the interest of both.   If this were allowed, there would be an end of all questions as to the competency of witnesses on the ground of interest.   The case is not one where a deposit of money can restore to competency a party otherwise incompetent.   As well might the maker of a promissory note, in a suit by the payee, propose to render himself competent as a witness in his own behalf, by depositing in court the amount in controversy, to answer the judgment if it went against him.

There is no error in the judgment, and it is therefore affirmed.

Judgment affirmed.