F. C. BATES v. CASEY & SWASEY.

(Case No. 4969.)

1. JURISDICTION.— When, on appeal from a judgment by default, the record fails to show affirmatively either service of citation on the defendant, or waiver thereof, or an appearance entered by him in the court below, the judgment must be reversed.

2. Disqualification of a judge.— When a county judge declines to hear a cause, and transfers the same to the district court because he is disqualified to hear and determine it, the grounds of his disqualification need not be stated unless their existence be questioned.

Error from Mitchell.　　Tried below before the Hon. T. B. Wheeler.

*Smith & Merrill,* for plaintiff in error.

No briefs on file for defendant in error.

Willie, Chief Justice.— The record does not show any service of citation upon the appellant, nor any waiver of service, nor appearance by him in the cause. Judgment was, however, taken against him by default, which was error, and will require a reversal of the judgment by this court.

This cause was transferred from the county to the district court, because the county judge was disqualified to hear and determine it. The grounds of his disqualification are not stated, nor do we think it necessary that they should be, when he recuses himself, unless they are questioned before the cause reaches this court. If a party wishes to dispute the fact that the county judge is disqualified, he can by calling it in question, either in the district or county court, have the grounds of the supposed disqualification set forth and established. Any improper ruling upon the subject could then be revised upon appeal to this court, by bringing it to our attention as in case of other errors.

But where no such question is made below, and the record shows, as in this case, that the judge transferred the cause because of his disqualification, the conclusive presumption will be in favor of his ruling, and of the jurisdiction of the district court.

As the party appealing this suit had no notice of its pendency, he of course had no opportunity of making the proper objections below.

The cause will be remanded for the error already noticed, and the appellant will then have an opportunity of testing the qualification of the judge in the manner already pointed out, and of having the cause retransferred to the county court, should it appear, upon hearing the facts upon which the supposed disqualification rests, that the judge of that court is authorized to hear and determine it.

Reversed and remanded.

[Opinion delivered May 23, 1884.]