## ANN TEAL et al. v. C. L. TERRELL et al.

### SUPREME COURT, GALVESTON TERM, 1883.

*Charge—Evidence.*—Where there is no question in reference to testimony to be passed upon by the jury, the court can charge the legal effect of such uncontroverted evidence.

*Tenants in Common.*—Where co-tenancy exists between parties, evidence which shows long possession by one co-tenant, of the common estate held in his separate right, does not imply that he held possession in his separate right in exclusion of his co-tenant.

*Same—Repudiation of Common Title.*—Repudiation of the common title must always clearly appear in order to give the co-tenant the benefit of the statute of limitation, and acts and declarations of the party in possession are construed much more strongly against him than when there is no privity of title.

Appeal from Victoria county. Opinion by Willie, C. J.

It is claimed by appellants that the court below should not have charged that the appellees had shown title to the land in controversy, but should have left that as a question of fact to be determined by the jury. The title of appellees was deraigned from the government, and every link of it but one was in writing. This link was the descent of the land from John Seideck, at his decease, to his daughter and heir, Louisa Levin, which was proven by the clearest and most satisfactory testimony, and was not disputed on the trial. What the court did charge was but the legal effect of uncontroverted evidence, and there was no question in reference to it to be passed on by the jury. The propriety of such a charge has been too frequently sustained by this court to require further comment. (Hedgepeth v. Robinson, 18 Tex., 871; Mitchell v. Dewitt, 20 Tex., 294.) Appellants also complain of the third instruction to the jury, viz.: "If the jury find from the evidence that the defendants were in possession of the lands sued for, for ten consecutive years or more previous to the institution of this suit, but believe they were in possession, claiming to be joint owners with the daughter of John B. Seideck and not making an exclusive claim of title to the land, and such possession could not be adverse to the plaintiffs in this suit, and therefore the defendants could recover no part of the land, and the jury should find for the plaintiffs the land sued for.

It is now urged that the law of the charge is not correct,

but that the evidence does not authorize it. In this assertion we do not think appellants are borne out by the record. They claimed the land under Peter Teal, who was an adopted son of John Seideck.

Appellees claim under Mrs. Levin, who was Seideck's daughter, and this land, at Seideck's death, descended to Teal and Mrs. Levin as tenants in common. The only claim of right to settle and remain on the land that Peter Teal or these appellants ever made down to the year 1872 was by virtue of their joint tenancy with Mrs. Levin. Even this was disputed by her, and a suit was commenced in 1856 against Mrs. Ann Teal as administratrix of Peter Teal to eject her from the premises. To this she pleaded her deceased husband's right as a tenant in common with the plaintiff in that suit, and sustained it in the courts of the country. She was deemed to be entitled to an undivided interest in the league, and partition was made by order of the court between her and Mrs. Sevier. In that partition, which was made in 1872, the portion that fell to her did not include her improvements, and she declined to remove from them, and for the first time commenced to hold the lands in opposition to the rights of appellees, who had succeeded to the title of Mrs. Sevier. This was less than ten years prior to the commencement of this suit. It is true that it was stated in evidence by the appellants that Peter Teal, as well as themselves, held the land from the date of his settlement on it in 1845, in his own right, but so does every tenant in common, for this does not imply that he held it in his separate right in exclusion of his co-tenant. In fact she also states what this right was viz: as adopted son of John Seideck. And it was proved positively by Sevier that Teal and his wife, down to the decision of the suit brought by Mrs. Sevier, had always claimed an interest in the land because of this relation of adopted son. There never was any repudiation of the title of Mrs. Sevier by appellants till the date of the partition, and such repudiation must always clearly appear in order to give the co-tenant the benefit of the statute of limitations, and acts and declarations of the party in possession are construed much more strongly against him than when there is no privity of title. (Baily v. Tramwell, 27, Tex., 328.) This court has decided the benefit of the statute of limitations to a co-tenant in

several cases when the proof of ouster on his part was much stronger than in the present. (Gilkey v. Keller, 22 Tex., 662; Hannagan v. Boggess, 46 Tex., 336; Alexander v. Kennedy, 19 Tex., 488. We think, therefore, that the charge was fully warranted by the evidence. As the jury evidently found for the plaintiff under the charge, it is unnecessary to consider the one given by the court on the subject of the rights of adverse claimants who are in posession of disputed land, and at the same time claim the benefit of the statute of limitations against each other. The jury found that there was no adverse tenancy for ten years between the parties to this suit, and hence this charge became unimportant. There is no error in the judgment, and it is affirmed.