W. J. Poole v. Mueller Brothers Furniture and
Carpet Company.

No. 3097.

80  189
84  306

1. **Disqualification of County Judge to Try a Cause.**—The disqualification of a county judge in a case in his court does not of itself transfer the cause to the District Court. He must make an order for the transfer. Rev. Stats., art. 1139.

2. **Same — Revocation of Order to Transfer.**— While the county judge has no power to make any order in a case in which he is disqualified than one relating to his own disqualification, still he has the power to revoke an order for transfer by him made. This would leave the case pending in the County Court.

3. **Same—Practice.**—When for any reason a cause that the presiding judge is disqualified to try remains upon the docket without an order for its transfer until he is succeeded by a judge who is qualified to try it, it can not then be lawfully transferred.

4. **Same.**—When an order for transfer is made it must show that the disqualification is of the judge making the order, not of one of his predecessors.

Error from Waller. Tried below before Hon. Wm. H. Burkhart. The opinion gives a statement.

*A. J. Harvey*, for plaintiff in error.—The order of the County Court at the January Term, 1890, fails to disclose the disqualification of the judge to try the cause. Without such disclosure the jurisdiction yet remained in that court.

No brief for defendants in error.

HENRY, Associate Justice.—This was a suit upon an open account brought by appellees in a Justice Court. Plaintiffs recovered a judgment and the defendant appealed to the County Court. The wives of the judge of the County Court and of the defendant were sisters, and the judge made an order transferring the cause to the District Court, but at the same term of his court he made another order setting aside the order transferring the cause. The cause was then tried in the County Court, resulting in a judgment against the defendant and the sureties upon his appeal bound.

Upon appeal to the Court of Appeals this judgment was reversed because of the disqualification of the county judge, and the cause was remanded.

The orders of the County Court with regard to the transfer of the cause to the District Court were made at the January Term, 1887. The next proceeding had in that court was at the January Term, 1890, upon a motion made by the defendant upon the ground that the county judge who made the order to transfer the cause to the District Court had no authority to enter the order setting it aside. The court sustained this motion and made an order transferring the cause to the District Court upon the following grounds, as appears from its judgment:

"It appears to the court that on the 5th day of January, 1887, an order was made in this cause by W. E. Houth, then county judge, transferring it to the District Court on account of the disqualification of the said Houth to try the same on account of his relationship to defendant Poole, which said order of transfer was by said Houth, county judge, afterward attempted to be set aside and jurisdiction retained in this court; and it being considered by the court that all proceedings in this cause subsequent to said order of transfer were null and void, it is therefore ordered that said cause be transferred for trial to the District Court of Waller County in accordance with the terms of said order of transfer made by said Houth, county judge."

The disqualification of the county judge, while it deprives him of the power to try a cause, does not operate *per se* to transfer it to the District Court. He must in the first place pass upon the question of his own qualification, and if he concludes that he is disqualified he must give the conclusion effect by making and entering an order removing the cause to the District Court of his county. Rev. Stats., 1139.

While it is true that the disqualified judge has no authority to make any order in the cause except one relating to his own qualification, he has still as much power during the term at which it is made and entered of record to set it aside as he had to make it in the first place. When the second order was made, setting the first one aside, the cause stood precisely as if no order had been made. The judge was disqualified to try the cause, but the cause itself remained in the County Court because there existed no order transferring it to the District Court.

The judgment subsequently rendered in the County Court while the disqualified judge was presiding was reversed by the Court of Appeals because he was disqualified and had "overruled" the motion to transfer it. That effect was given to the two orders, one nullifying the other.

When for any reason, or without a reason, a cause that the presiding judge is disqualified to try remains upon the docket without an order for its transfer until he is succeeded by a judge who is qualified to try it, it can not then be lawfully transferred.

When an order of transfer is made on the ground of the disqualification of the presiding judge, the order must show that the disqualification is that of the judge who makes the order and not of one of his predecessors.

It is unnecessary to consider other questions, as the judgment must be reversed for want of jurisdiction in the District Court.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered March 10, 1891.