FRANCO-TEXAN LAND COMPANY v. MRS. H. D. AND R. H. HOWE.

No. 150.

1. **Disqualification of Judge — Receiver.** — A county judge who is receiver for the plaintiff in a suit pending before him, is thereby disqualified to try the cause.

2. **Same — Interest.** — Where a land agent is in partnership with an attorney, sharing equally in the law fees earned, he is disqualified from rendering a judgment, as justice of the peace, in a case wherein his partner is attorney for the plaintiff.

3. **Same — Suretyship.** — A justice of the peace who is a surety on plaintiff's bond for garnishment, is disqualified from rendering a judgment in the garnishment proceeding.

4. **Same — Order of Transfer of Cause.** — An order of the County Court transferring a cause to the District Court because of disqualification of the judge, is not invalid because it fails to state the ground of disqualification.

5. **Same — Order Takes Effect, When.** — Where such order of transfer is duly made, the jurisdiction of the District Court attaches, and is not ousted by the failure of the clerk to strike the case from the County Court docket and transmit the papers to the District Court; and an order of the County Court, made at a subsequent term, setting aside the order of transfer, is a nullity, and an execution sale under it void.

APPEAL from Nolan.　Tried below before Hon. WM. KENNEDY.

*A. J. Hood,* for appellant.—1. A constitutional or statutory inhibition against the trying of a cause is jurisdictional in its nature and effect, and a court inhibited by a constitution or by a statute can not, by either the neglect or express waiver and consent of parties, render in a cause a binding judgment.　Freem. on Judg., art. 509; 84 Am. Dec., 126–133.

2. After the adjournment of the term of the County Court at which Germany made the order transferring the cause to the District Court, the County Court of Nolan County, as a court, lost all jurisdiction in the cause, and the District Court had original jurisdiction thereof.　Const., art. 5, sec. 16; 1 W. & W. C. C., sec. 527; 3 Willson's C. C., sec. 452; 69 Texas, 583; 68 Texas, 120.

3. A judgment rendered by a justice of the peace in any case in which he is interested, or has been of counsel in the case, is prohibited under the Constitution and laws of the State, and therefore rendered without jurisdiction; and being void, may be collaterally attacked.　Const., art. 5, sec. 11; Freem. on Judg., sec. 146; Rev. Stats., art. 1538; 84 Am. Dec. 128, 129; 58 Texas, 389; 58 Texas, 141.

*Cowan & Fisher* and *J. F. Eidson,* for appellees.—1. An order transferring a cause from the County to the District Court because of the disqualification of the county judge, must show that the county judge passed upon and decided the question of his disqualification; and if such order

does not state that the county judge is disqualified, the jurisdiction of the District Court does not attach. Rev. Stats., art. 1139; Bates v. Casey, 61 Texas, 593; Poole v. Mueller Bros., 80 Texas, 189; Sayles' Ann. Const., 542, note 133; Vanfleet on Coll. Attack, secs. 684, 685.

2. Germany being receiver of the assets of the firm of Neblett & Arnold did not give him such an interest in the subject matter of the suit as disqualified him from trying the cause, even had he done so; and his supposed order transferring the cause to the District Court would have been without authority of law, and would have been dismissed by the District Court for want of jurisdiction, upon proper bill of exceptions taken in County Court and urged in District Court, if the record had been filed in the latter court. Const., art. 5, sec. 11; Sayles' Ann. Const., 542, note 132; 12 Am. and Eng. Encycl. of Law, 48; Ellis v. Smith, 42 Ala., 349, Peck v. Essex Freeholders, Spence (N. J.), 457; Mining Co. v. Keyser, 58 Colo., 315.

3. Cowan & Posey dissolved partnership about June 1, 1886. Cowan was the attorney for plaintiffs in the garnishment suit number 44. On August 31, 1887, J. W. Posey, as justice of the peace, rendered judgment in said cause number 44. These facts do not give Posey such an interest as disqualified him. He had no right or privilege depending on the garnishment. The rendering of judgment for or against the garnishee could in no way affect any liability or right of Posey. Sayles' Civ. Stats., arts. 183, 184; Sayles' Ann. Const., 542, note 132; 12 Am. and Eng. Encycl. of Law, 48.

HEAD, ASSOCIATE JUSTICE.—The land in controversy is 640 acres, known as survey number 73, block 23, patented to the Fidelity Insurance, Trust and Safe Deposit Company, assignee of the Texas & Pacific Railway Company, May 16, 1876. Appellant has a regular chain of transfers from the patentee. The appellees claim under execution sales upon two judgments rendered against appellant. The first is a judgment rendered in the County Court of Nolan County, May 16, 1887, in cause number 73, entitled " Neblett & Arnold v. The Franco-Texan Land Company." This suit was instituted in the Justice Court, but taken to the County Court by apppeal.

While this cause was pending, J. W. Germany was appointed receiver of the assets of Neblett & Arnold, and was also elected county judge, and as such judge, while the case was pending in his court, entered an order as follows:

"*Neblett & Arnold v. Franco-Texan Land Company, Number 73.* Appeal from J. P.—This cause was this day ordered transferred to the District Court of Nolan County, upon motion of defendant's attorneys, and the clerk of this court ordered to send up transcript of same."

This order was entered October 22, 1885. The motion referred to in said order is as follows:

"*Neblett & Arnold v. Franco-Texan Land Company.*—Now comes defendant, by attorneys, and respectfully says, this court is without jurisdiction to try this case, because they say the firm of Neblett & Arnold, to-wit, J. W. Neblett and D. S. Arnold, since the filing of this suit, has been dissolved, and the assets of said firm have been placed in the hands of a receiver; that any judgment these plaintiffs might recover would, under the law, be assets in the hands of such receiver for distribution under order of the honorable District Court of Nolan County; that Hon. J. W. Germany, judge of this court, is receiver of said estate of Neblett & Arnold, and, as such receiver, is interested in the result of plaintiff's suit, and therefore disqualified from trying the same. Wherefore defendants move this cause be transferred to the District Court of Nolan County."

This motion was sworn to by one of the attorneys of appellant in that case. The papers were never in fact filed in the District Court, and the cause remained upon the docket of the County Court until the expiration of the term of office of Germany as county judge; whereupon, on the 2nd day of May, 1887, the following order was entered in the County Court:

"*Neblett & Arnold v. Franco-Texan Land Company, Number 73.* Appeal from J. P.—This cause coming on to be heard upon motion of plaintiff to set aside the order in this cause entered on the 22nd day of October, 1885, transferring this cause to the District Court of Nolan County, Texas, for the reason that there was no reason stated in said order for transferring said cause, and the court, after hearing the law, is of the opinion that the law is in favor of the motion, and it was therefore ordered that said order be set aside and vacated, and that this cause stand on the docket of this court for trial."

It does not appear from the record that any notice of the motion referred to in this order was given to appellant prior to its entry. This order was made by J. Q. Hanna as county judge, he being the successor of Germany. On May 16, 1887, judgment by default was rendered in said cause number 73 in favor of Neblett & Arnold against appellant, before said Hanna as county judge, for the sum of $134.15, with 8 per cent interest from December 18, 1883, and appellees claim under a regular sale under this judgment.

The second judgment referred to above, under which appellees claim, was rendered by J. W. Posey, justice of the peace of precinct number 1 of Nolan County, in cause number 44, in favor of Lippett, Leake & Co. v. The Franco-Texan Land Company, August 31, 1887, for the sum of $100, with interest at the rate of 8 per cent per annum. Appellees have a regular chain of title under a sale upon this judgment. This judgment

was against appellant as garnishee, the writ of garnishment having been sued out in a suit instituted by Lippett, Leake & Co. v. N. J. Fritz & Son, in which they recovered judgment for the sum of $172.25, with interest and costs. In this suit the firm of Cowan & Posey were attorneys for the plaintiffs, the Posey of said firm being the justice of the peace who afterward rendered judgment against appellant as garnishee. At that time A. S. Hill was justice of the peace, and issued the garnishment. Posey was not a regular licensed attorney, but was engaged in the business of a land agent, he and his partner, Cowan, who was a lawyer, agreeing to pool their earnings and divide them equally, Cowan to attend to the law business, and Posey the land agency. Posey also was security on the bond of Lippett, Leake & Co. to obtain this writ of garnishment.

Judgment was rendered in favor of appellees November 18, 1890, upon the verdict of a jury in answer to special issues submitted by the court, from which this appeal is prosecuted.

*Conclusions of Law.*—The court below treated the judgment rendered by Posey in favor of Lippett, Leake & Co. against appellant as garnishee as being void. In this we think there was no error. Posey was interested equally with Cowan in the fee to be earned by the firm in this case, whether he was a licensed attorney or not. We know of nothing that could affect the legality of the agreement made between him and his partner, Cowan, to divide their respective earnings in the manner set forth in the conclusions of fact, and we think this would constitute such an interest in him as would disqualify him as judge from trying the case. The jury found that he was pecuniarily interested therein. Hodde v. Susan, 58 Texas, 389. We also think he was disqualified by reason of his being a surety on the bond of the plaintiff to obtain the garnishment. In Hodde v. Susan, supra, it was held that a justice related to a surety on a claim bond was disqualified. It has also several times been held that a surety upon a cost bond was disqualified as a witness, by reason of his interest in the result of the suit, from testifying in the case. Bennett v. Dowling, 22 Texas, 660; Drake v. Brander, 8 Texas, 351; Gould v. Beal, 26 Texas, 665; Freeman v. Perry, 25 Texas, 611. The similarity of the reasons which disqualify a judge and a witness upon the ground of interest in the result of the suit was recognized in Simpson v. Brotherton, 62 Texas, 107. Appellees' cross-assignments of error must therefore be held to be not well taken.

We understand from the record and briefs of the parties, that the court below held the order entered by Germany as county judge, transferring the cause of Neblett & Arnold v. Franco-Texan Land Company to the District Court, to be invalid; but we are not clear upon what ground this ruling was based. It seems that the court below also sustained the order entered by Germany's successor, setting aside this order of transfer. If

the court below was of opinion that the order entered by Germany was a nullity because it does not state the ground of his disqualification, we think it erred.

In the case of Bates v. Casey & Swasey, 61 Texas, 592, it is said: " This cause was transferred from the County to the District Court because the county judge was disqualified to hear and determine it. The grounds of his disqualification are not stated, nor do we think it necessary that they should be when he recuses himself, unless they are questioned before the cause reaches this court. If a party wishes to dispute the fact that a county judge is disqualified, he can by calling it in question, either in the District or County Court, have the grounds of the supposed disqualification set forth and established. Any improper ruling upon the subject could then be revised by appeal to this court, by bringing it to our attention, as in case of other errors; but where no such question is made below, and the record shows, as in this case, that the judge transferred the cause because of his disqualification, the conclusive presumption will be in favor of his ruling and of the jurisdiction of the District Court."

In this case the record shows, that the court sustained the motion of the defendant, which very clearly set forth the ground of the disqualification of the county judge relied upon, and we are of opinion that the order transferring the case was sufficient. We do not find anything in the case of Poole v. Mueller Brothers Furniture and Carpet Company, 80 Texas, 189, which conflicts with this conclusion.

We are also of opinion that the facts set forth in the motion upon which this order was made, and also the facts disclosed by the record sustaining the allegations of this motion, show that Germany was in fact disqualified to try that case, and that the order of transfer was correctly made. It seems that Germany, as receiver of the firm of Neblett & Arnold, was, in effect, plaintiff in that case. It is true, his appointment having been made after the institution of the suit, it was not necessary for his name to be substituted as plaintiff upon the record (Lee v. Salinas, 15 Texas, 495); but whatever recovery might be had would be paid to him, and not to them. It was therefore his suit, in effect; and while we have been referred to no decision which directly holds that a judge is disqualified from rendering a judgment in his favor as receiver, we have no doubt that such is the law. That an administrator could not render such judgment, we think has never been questioned, and we see no difference in principle between the cases.

We are also of opinion, that the order made by Germany, having been properly entered, and not having been set aside during the term, effectually transferred the case to the District Court, and that the jurisdiction of that court became original; and any order made in the County Court therein subsequent to the adjournment of that term which would have the effect to deprive the District Court of such jurisdiction was without juris-

diction in the County Court, and was therefore a nullity. Smith Bros. v. Hardin, 68 Texas, 120; Cleveland v. Tufts, 69 Texas, 580; Railway v. Kerfoot, 3 Willson's C. C., 452; 1 W. &W. C. C., 527. We believe that the failure of the county clerk to perform his duty by striking the case from the docket of his court and transmitting the papers to the District Court could not have the effect to retain jurisdiction after the entry of the order of transfer.

We are therefore of opinion, that the court below erred in holding either of the judgments under which appellees claim to be valid, and in rendering judgment in their favor, and that its judgment should therefore be reversed, and judgment here rendered in favor of appellant for the land in controversy, with costs; and it is so ordered.

*Reversed and rendered.*

Delivered May 3, 1893.

Justice STEPHENS did not sit in this case.

A motion for rehearing was refused.