NELSON BURCH V. HAMPTON WATTS.

1. B. instituted suit against W. by attachment; W. replevied the attached property, giving E. and H. as sureties on his replevy bond. Subsequently, the plaintiff and defendant in attachment entered into an agreement whereby the defendant acknowledged the justness of the plaintiff's demand, and agreed that the attachment should stand. The sureties, who were not parties to this agreement, filed their plea of intervention, asking to be made parties to the suit in so far as they were liable on the replevy bond, and charged collusion between the parties to defraud them, and prayed that the agreement be held void, the attachment quashed for certain defects, and that they be relieved from all responsibility on the replevy bond. *Held,* that the sureties upon the replevy bond were bound for the forthcoming of the property attached, only upon the conditions that the proceedings in the attachment were legal and proper, and that the property levied upon was subject to the attachment. The court below, therefore, did not err in allowing them to intervene to protect their rights by moving to quash the attachment.
2. An affidavit for an attachment failed to state that the attachment was not sued out for the purpose of injuring the defendant. *Held,* that the affidavit was fatally defective. The statute must be strictly followed in such cases, and any material variation from the letter of the law will vitiate all subsequent proceedings.

APPEAL from Bastrop. Tried below before the Hon. J. P. Richardson.

The facts of the case are stated in the opinion of the court.

*Jones & Sayers,* for the appellant.

*Sheeks & Sneed,* for the appellee.

OGDEN, J. In this cause suit was commenced by attachment against the property of appellee, the defendant in the lower court. The attachment was issued, and levied upon property, and the defendant replevied the same by giving Lewis Eilers and George Howard as securities on the replevin bond. Subsequently, the defendant Watts entered into an agreement with the plaintiff, whereby he acknowledged the justness of the debt sued on, and agreed that the attachment should be maintained. But his sureties on the replevin bond intervened for the purpose of protecting their interest as sureties only, and upon their motion the attachment was quashed, and they were relieved from responsibility as sureties on the replevin bond; and from the ruling of the court in this respect the plaintiff has appealed.

The only questions presented by the record which require notice are: had the sureties a right to intervene for the purpose of moving to quash the attachment? And, if so, then, was the attachment properly quashed?

The securities on the replevin bond were bound by the law and express contract for the forthcoming of the property attached, upon condition that the proceeding in attachment had been legal and proper, and upon the further condition that the property levied upon was subject to the attachment. The sureties claim no right or authority to control or manage the suit for a judgment against the defendant, but simply ask permission to file in the cause a motion to relieve themselves from liability; and we think there can be no doubt of their right to do so. Had they charged, as they did, that there was a fraudulent combination between the plaintiff and defendant, in order to defraud them, the court would have been bound to listen to their complaint, whether in this or in an independent suit; and if they sustained their charges by proof, they would have been entitled to any and every relief. And there can be no difference in this cause whether they have established the existence of either actual or constructive fraud; in either case they are entitled to relief, and it is im-

material whether the motion for relief come from the original parties to the suit, or from themselves.

There was an agreement between the original parties, that the attachment should be maintained, but this was without the consent of the sureties, and was, in fact, an attempted fraud upon their rights, as they might not, and indeed were not, bound at all, unless they could be made so by virtue of the agreement. And it is pretty evident, from the entire record of this cause, that the agreement was entered into for the very purpose of entrapping Watt's securities into a responsibility for the debt and costs; and we think the County and District Court did not err in permitting the sureties to intervene for the purposes of defending their rights.

The attachment was issued without such an affidavit as the law requires, to authorize the issuance of such an extraordinary writ. The statute in such cases must be strictly followed, and any material variation from the letter of the law will vitiate all subsequent proceedings. The affidavit fails to state that the attachment is not sued out for the purpose of injuring the defendant. And for this reason, the court did not err in quashing the attachment, and thereby relieving the securities on the replevin bond; and the judgment is affirmed.

Affirmed.