## H. Hodde v. John Susan.

(Case No. 1427.)

1. Practice — Execution.— The objection to an execution purporting to have been issued by a justice of the peace, and directed to the sheriff or any constable of another county, that it was not accompanied by a certificate under seal of the clerk of the county court that the officer issuing the same was a justice of the peace, cannot be made available when presented for the first time in the supreme court.

2. Disqualification of a magistrate.— A surety upon a claimant's bond, in proceedings for the trial of the right of property, is in legal contemplation such a *party* to the cause as that his relationship within the prohibited degrees, to the magistrate before whom the cause is pending, will disqualify him from trying the cause.

3. Same.— A narrow or contracted construction of the word *party* as used in the law, which would confine it to the very persons named on the docket as such, and would exclude such as stand in precisely the same relation, would often defeat the end had in view, of having justice administered free from the bias and influence produced by the interest held in the cause by the judge or his relatives.

4. Cases approved.— Burch *v.* Watts, 37 Tex., 135, and Weir *v.* Brooks, 17 Tex., 638, approved.

Appeal from Austin. Tried below before the Hon. L. W. Moore.

Suit for the trial of the right to property in goods levied upon by virtue of an execution from a justice of the peace in favor of C. W. Klaeden against Wm. Newman, as the property of the defendant. The levy was made January 30, 1879. On the following day the claimant, Susan, made affidavit and bond, one of the sureties being W. W. Bethany. The oath and bond not having been presented, the goods were advertised to be sold on the 13th of February. On that day, but before sale, the oath and bond were presented to the constable, who valued the goods at the sum of $200, and delivered them to the claimant, and on the same day filed the oath and other papers with F. M. Thompson, justice of the peace of precinct No. 7 of Austin county.

The execution was issued from Washington county. The levy was made in Austin county. No citation was issued or other action taken by the justice until the 12th of March, when the following order was entered upon his docket:

" This day, upon an inspection of the papers, it appearing to the court that the undersigned justice is related within the third degree to one of the parties, it is ordered that the cause be transferred to the justice's court of precinct No. 6 of this county, of which J. H. Catlin is the justice of the peace, the said justice being the nearest to this precinct."

On the same day the papers with the proper certificate were filed with Justice Catlin of precinct No. 6, who immediately issued citation to the claimant, returnable to the April term of his court.

· At this term the claimant interposed a plea to the jurisdiction of this court, which was overruled, and demanded a jury, who failed to agree. After several continuances, at the instance of the claimant, on the 3d of September the jury rendered a verdict against the claimant, upon which the justice of precinct No. 6 rendered judgment against Bethany and the other obligors in accordance with the statute. From this judgment the claimant appealed to the county court.

In the county court the plaintiff moved to dismiss the appeal for reasons assigned, affecting the jurisdiction. The claimant also moved to dismiss for want of jurisdiction in the court a quo, because the transfer to the justice's court of precinct No. 6 was not made upon any authority known to the law, not at any regular term of the court, but in vacation, and without notice to the claimant, and because the reason assigned therefor, namely, that he was related to one of the parties, was not true in point of law.

At the September term of the county court, 1880, H. Hodde, administrator of the estate of C. W. Klaeden, deceased, made himself a party plaintiff, and moved to transfer the cause to the district court because of the relationship of the county judge to one of the obligors, which was granted.

· In the district court the claimant renewed his motion to dismiss on the grounds stated above, both parties conceding that the justice of the precinct and the county judge also were related within the third degree to W. W. Bethany, one of the obligors on the claimant's bond, but neither to the claimant.

The district court sustained the motion, holding that the fact of relationship existing between the obligor on the claimant's bond to the justice did not disqualify him from trying said cause; that he had no authority to transfer the case to the justice of precinct No. 6, who acquired no jurisdiction by the transfer.

The court further declared the judgment null and void, and ordered the justice who rendered it to return the original papers to the justice of precinct No. 7, to the end that he might proceed to the trial of said cause, and that claimant recover of plaintiff all costs.

From that judgment the plaintiff appeals to this court.

*J. T. Swearingen*, for appellant.

I. Under the act of 1870, the claimant of property levied upon

cannot confine the jurisdiction of the justice in the trial of the right thereto to the precinct in which the claimant happens to reside. When the writ issues from a justice of the county in which the levy is made, jurisdiction is conferred upon the justice who issues it, regardless of the residence of the claimant. When it issues from a justice of a county other than that in which the levy is made, then upon any justice of the county in which the levy is made, to whom the officer returns the oath, bond and writ. Laws of 12th Leg., p. 100, sec. 14; Laws of 15th Leg., p. 157, sec. 8; Pasch. Dig., art. 5311.

II. When a justice is disqualified by relation to the parties, the nearest justice not so disqualified has jurisdiction. The law having provided no remedy for the refusal of a justice to go out of his precinct to sit in the place of such disqualified justice, it was intended that suitors should go to the nearest justice. In other words, the jurisdiction given by law is to the justice over the parties, not to the parties over the justice. Foster v. McAdams, 9 Tex., 542; Laws 15th Leg., p. 164, sec. 24; Const. 1876, art. V, sec. 18.

III. The court erred in holding that a justice is not disqualified from sitting in the trial of the right to property by reason of his relationship to one of the obligors upon the claim and bond. Const., art. V, sec. 11; R. S., art. 4843.

IV. If the justice is not disqualified in such case by his relationship to such a surety, he would not be disqualified from trying if he was on the bond himself as one of the sureties; that he is in either case incompetent to try, and the court erred in its judgment. Hawpe v. Smith, 22 Tex., 410; Chambers v. Hodges, 23 Tex., 112; Const., art. V, sec. 11.

*Chesley & Haggerty*, for appellee.

I. A justice of the peace having once acquired jurisdiction by the receiving and filing of the claimant's oath, bond and copy of the writ, had no authority upon his own volition, under the laws then in force, to transfer the case to any other justice of the peace. Pasch. Dig., arts. 5311, 5312, 5313, 5316; also Laws 15th Leg., p. 164, sec. 24, and p. 158, sec. 9.

II. If Justice Thompson had been disqualified by reason of relationship to one of the parties, the remedy, under the laws then in force, was for some other justice of the peace of the county to try the case for him in precinct No. 7. See Laws 15th Leg., p. 164, latter part of sec. 24.

III. The district court did not err in holding that the fact that a

justice of the peace is related within the third degree to one of the sureties upon the claimant's bond did not disqualify him from trying the case. The facts were conceded at the hearing below, that Justice Thompson was related within the third degree to W. W. Bethany, one of the sureties upon defendant Susan's claimant's bond, but that he was not related to said Susan, and there was no pretense that he was in any way related to either the appellant or his intestate, Klaeden. Upon this state of facts the court rendered its judgment. Laws 15th Leg., p. 164, sec. 24; Bouvier's Dictionary, titles " Parties," " Plaintiff," " Defendant."

IV. The facts upon which the judgment or order of a justice of the peace is based can be inquired into. Justice Thompson had determined his own disqualification. This appears to have been done by an order in vacation, without hearing or consent of parties. Eaton v. Bratton, 13 Tex., 30.

V. The execution was issued January 29, 1879, by one A. L. McClung, who represents himself to be a justice of the peace of precinct No. 3, Washington county, upon a judgment rendered in said county and precinct, and is directed to the sheriff or any constable of Austin county, and is not accompanied by a certificate, under the seal of the clerk of the county court, that the officer issuing the same is a justice of the peace. See Pasch. Dig., art. 3784; also Webb v. Mallard, 27 Tex., 84.

WILLIE, CHIEF JUSTICE.— The point made by appellee, that the execution issued from Washington county, under which the levy was made, was insufficient, and hence the proceedings for the trial of the right of property subsequently had were illegal and void, cannot be sustained.

The objection to the execution was that it was not accompanied by a certificate of the clerk of the county court that the officer issuing the same was a justice of the peace. That point, if it can be raised at all by the appellee, cannot be suggested for the first time in this court. The statute does not declare the execution void if issued without this certificate. It has been held, in a similar case in this court, that want of compliance with such provision of the statute does not render the execution void, but at most irregular, and it can only be avoided by a party to it, and not by the claimant of the property levied on. Earle v. Thomas, 14 Tex., 591. This suffices to dispose of that point.

The disqualification of the justice depends upon whether or not a surety upon a claimant's bond is in any sense of the word a party

to a statutory proceeding to try the right of property. A party to an action is defined to be one who is directly interested in the subject matter in issue, who has a right to make defense, control the proceedings, or appeal from the judgment. · Bouvier's Law Dictionary, title "Parties to Action;" Greenl. on Ev., § 523.

Whether or not a person is directly interested in the subject matter of a suit depends upon whether the judgment will directly affect him. Under the law existing at the time the bond in this case was given, judgment in proceedings of this sort, where the claimant failed to establish his right to the property, was against all the obligors of the bond for ten per cent. damages on the value of the property claimed. Precisely the same judgment was to be rendered against the obligors as against the principal in the bond. Pasch. Dig., art. 5314. If the claimant did not return the property within ten days after such judgment, and such failure was certified to the court, it was its duty to indorse it "forfeited," and it then had the force and effect of a judgment against all the obligors for the value of the property with legal interest, upon which execution might issue as in other judgments. Id., art. 5316. In all these proceedings, from the time of trial to that of final execution, no difference is made between the claimant and his sureties. The same liability is imposed upon them; the same judgment is rendered against them. The sureties have a right to protect their interests by interposing a defense to the suit, taking such control over its proceedings as will prevent loss to them by neglect or inattention, and finally of appealing to a higher court, if in their opinion an erroneous judgment has subjected them to loss or damage.

Here, then, we have all the characteristics of a party to a suit combined in such surety. This court has heretofore held that a surety on an attachment bond might move to quash it (Burch v. Watts, 37 Tex., 135), and that a surety on the bond of a defendant in a distress warrant suit might take a writ of error to the supreme court. Weir v. Brooks, 17 Tex., 638.

The trial of the right of property as known to our statutes is an anomalous proceeding, and is intended to have the effect, partly of subjecting to execution the property of a judgment debtor in the hands of a third party, and partly of a suit upon a bond against principal and sureties. In so far as the first is concerned, there would be no sureties to be made parties to the proceedings; but in the latter case they would be appropriate defendants. The object of the statute was an early decision of the controversy and a speedy enforcement of the plaintiff's rights against the bondsmen.

The two proceedings are so mingled that the relation of the sureties as parties to the cause commences with the date of its being docketed, and continues till a judgment is rendered against the plaintiff, or finally enforced against the claimant and his sureties. In our opinion they are parties to the cause in the sense of the term as used in our constitution and laws. It was intended that no judge should render a judgment either for or against himself, his clients, or his relations, within a certain degree. Had Justice Thompson entered the judgment provided by the statute in this cause, and which was in effect rendered by Justice Catlin, he would have entered it against a relation within the prohibited degrees, and subjected him to loss and damage. Had he entered it against the plaintiff, it would have been in favor of a relation, exonerating him from liability. It was the object of the constitution to place judicial officers beyond the temptation which such circumstances would throw in their way. A narrow or contracted construction of the term "party," which confines it to the very persons named on the docket as such, and excludes such as stand precisely in the same relation, would often defeat the end had in view, of having justice impartially administered free from the bias and influence produced by the interest held in the cause by the judge or his relations.

We hold that the surety in this case came within the term "party" as used in the constitution, and that the district court erred in dismissing the suit for want of jurisdiction and remanding it to the court of the magistrate with whom it was first filed. For this reason the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 26, 1883.]