## H. HODDE, ADM., v. JOHN SUSAN.

COURT OF APPEALS, GALVESTON TERM, 1883.

*Execution—Certificate of County Clerk—Practice.*—Execution issued from Washington county and levy was made in Austin county. The execution was not accompanied by a certificate of the clerk of the county court that the officer issuing the same was a justice of the peace.

*Held*, that objection on this point cannot be raised for the first time in this court.

*Further*, that the statute does not declare the execution void if issued without this certificate. It was, at most, irregular, and can

only be avoided by a party to it and not by the claimant of the property levied upon

*Disqualification of Justice—Parties—Sureties on Claimant's Bond.* In an action for the trial of the right of property, the sureties upon the claimant's bond are parties to the cause, in the sense used in the constitution and laws, and if such surety is related to the justice of the peace before whom the case is being tried, the justice is thereby disqualified.

Appeal from Austin county.   Opinion by Willie, C. J.

The point made by appellee, that the execution issued from Washington county, under which the levy was made, was insufficient, and hence the proceedings for the trial of the right of property subsequently had were illegal and void and cannot be sustained.   The objection to the execution was that it was not accompanied by a certificate of the clerk of the county court that the officer issuing the same was a justice of the peace   That point, if it can be raised at all by the appellee, cannot be suggested for the first time in this court.   The statute does not declare the execution void, if issued without this certificate.   It has been held in a similar case in this court that want of compliance with such provision of the statute does not render the execution void, but at most irregular, and it can only be avoided by a party to it and not by the claimant of the property levied on.   (Earle v. Thomas, 14 Texas, 591.)   This suffices to dispose of that point.

The disqualification of the justice depends upon whether or not a surety upon a claimant's bond is, in any sense of the word, a party to a statutory proceeding to try the right of property.

A party to an action is defined to be "one who is directly interested in the subject matter in issue, who has a right to make defense, control the proceedings or appeal from the judgment. (Bouvier's Law Dic., Title, "Parties to Action," Greenlf. Ev., Sec. 523.)

Whether or not a person is directly interested in the subject matter of a suit depends upon whether the judgment will directly affect him.   Under the law existing at the time the bond was given in this case, judgment in proceedings of this sort, when the claimant failed to establish his right to the property, was against all the obligors of the bond for ten per cent. damages on the value of the property claimed.

Precisely the same judgment was to be rendered against the obligors as against the principal in the bond. (Pas. Dig., Art. 5314.) If the claimant did not return the property within ten days after such judgment, and such failure was certified to the court, it was its duty to endorse it "forfeited," and it then had the force and effect of a judgment against all the obligors for the value of the property, with legal interest, upon which execution might issue as in other judgments. (Ib., Art. 5316.) In all these proceedings, from the time of trial to that of final execution, no difference is made between the claimant and his sureties. The same liability is imposed upon them, the same judgment is rendered against them. The sureties have a right to protect their interests by interposing a defense to the suit, taking such control over its proceedings as will prevent loss to them by neglect or inattention, and finally appealing to a higher court, if, in their opinion, an erroneous judgment has subjected them to loss or damage. Here, then we have all the characteristics of a party to a suit combined in such surety. This court has heretofore held that a surety on an attachment bond might move to quash it. Burch v. Watts, 37 Tex., 135, and a surety on the bond of a defendant in a distress warrant suit might take a writ of error to the supreme court. (Weir v. Brooks, 17 Tex 638.)

The trial of the right property as known to our statutes, is an anomalous proceding, and is intended to have the effect, partly, of subjecting to execution, the property of a judgment debtor in the hand of a third party and partly of suit upon a bond against principal and sureties. In so far as the first is concerned, there would be no sureties to be made parties to the procedings ; but in the latter case they would be appropriate defendants. The object of the statute was an early decision of the controversy, and a speedy enforcement of the plaintiff's rights against the bondsmen. The two proceedings are so mingled that the relation of the sureties as parties to the cause, commences with the date of its being docketed, and continues until a judgment is rendered against the plaintiff, or finally enforced against the claimant and his sureties. In our opinion they are parties to the cause in the sense of the term as used in our constitution and laws. It was intended that no judge should render a judgment, either for or against himself, his clients, or

his relatives within a certain degree. Had Justice Thompson entered the judgment provided by the statute in this cause, and which was, in effect, rendered by Justice Catlin, he would have entered it against a relative within the prohibited degrees and subjected him to loss and damage. Had he entered it against the plaintiff, it would have been in favor of a relative, exonerating him from liabiliy. It was the object of the constitution to place judicial tofficers beyond the temptation which such circumstances would throw in their way. A narrow or contracted construction of the term "party," which confines it to the very persons named on the docket as such, and excludes such as stand precisely in the same relation, would often defeat the end had in view, of having justice impartially administered, free from the bias and influences produced by the interest held in the cause by the judge or his relatives.

We hold that the surety in this case came within the very term "party," as used in the constitution, and that the district court erred in dismissing the suit for want of jurisdiction and remanding it to the court of the magistrate with whom it was first filed. For this reason the judgment is reversed and the cause remanded.