J. N. Mitchell & Company et al. v. Bloom, Cohn & Company.

No. 656.—Decided April 22, 1898.

1.  Sequestration—Replevy—Writ Quashed—Sureties.

In a sequestration suit wherein the property has been seized and replevied and the writ then properly quashed for defects in the affidavit and bond, the plaintiff, recovering the property of the defendants, can not have judgment also against the sureties on the replevy bond. (Pp. 635 to 637.)

2.  Same—Cases Followed—Cases Overruled.

Cheatham v. Riddle, 8 Texas, 162; Weir v. Brooks, 17 Texas, 638; Burch v. Watts, 37 Texas, 135; Rohrbough v. Leopold, 68 Texas, 254; Flynn v. Lynch, 1 White & W. C. C., sec. 787; Kildare Lumber Co. v. Atlanta Bank, 91 Texas, 95, followed,—and Bemis v. Wells, 10 Texas Civ. App., 626; Cahn v. Jaffray, 12 Texas Civ. App., 324; Filgo v. Bank, 38 S. W. Rep., 237; McLeod Artesian Well Co. v. Craig, 43 S. W. Rep., 934; Sexton v. Hindman, 2 Willson, C. C., sec. 462, overruled, as to liability of sureties in such case. (Pp. 636, 637.)

Questions certified from Court of Civil Appeals for the Fifth District.

*J. B. Bisland* and *G. C. Groce,* for appellants.—The remedies afforded by sequestration and attachment are equally stringent, and they should be alike strictly construed. Rohrbough v. Leopold 68 Texas 254.

One who sues out a writ of sequestration without complying with statutory prerequisites, and causes it to be levied on property, becomes thereby a trespasser, though the officer who actually levies the writ may be protected in so doing by reason of the apparent regularity of the process. Murdock v. Killips, 65 Wis., 622; Bonesteel v. Bonesteel, 28 Wis., 245; Miller v. Munson, 34 Wis., 579; Kerr v. Mount, 28 N. Y., 659; Wehle v. Butler, 61 N. Y., 245; Purple v. Purple, 5 Pick., 226.

A bond exacted by an officer colore officii to regain a right of which the principal has been illegally deprived, is not binding on the makers

of such bond, and its enforcement would be against public policy.    Leona I. & M. Co. v. Roberts, 62 Texas, 615; Johnson v. Erskine, 9 Texas, 2; Wooters v. Smith, 56 Texas, 198; Purple v. Purple, 5 Pick., 226; Thompson v. Lockwood, 15 Johns., 256; Benedict v. Bray, 2 Cal., 251; Buffendan v. Brooks, 28 Cal., 642; Harrington v. Crawford, 38 S. W. Rep., 80.

While art. 4501, Sayles' Statutes (old) provides that when a sequestration case is decided against a defendant, final judgment shall be entered against all the obligors in any replevin bond which may have been given in the case, yet this article should be construed with reference to the whole of the law governing sequestration proceedings, as well as well settled legal principles, and in this case with special reference to art. 4492 which expressly prohibits the issuance of a writ of sequestration until the party applying therefor has given the bond required.    To hold that a plaintiff who has abused the process of the court can obtain an advantage by his own wrong, is violative of long established and well settled legal principles.    If the Legislature had intended to provide that whenever sequestered property shall be replevied by the defendant, the bond shall be valid although the writ was unlawfully issued, it is to be presumed that they would have expressed that intention in plain and unambiguous terms, and it is respectfully submitted that the opinions of this court holding that judgment may be rendered on replevin bonds although the writ of sequestration has been quashed, are erroneous, and in conflict with the opinions of the Supreme Court in the following cases.    Kildare Lumber Co. v. Atlanta Bank, 41 S. W. Rep., 64; Rohrbough v. Leopold, 68 Texas, 254.

*W. L. Harding* and *Victor H. Hexter*, for appellees.—As appellees were entitled to a judgment against the principal in the bond, as a matter of course they were entitled to a judgment against the sureties thereon, and this although the sequestration had been quashed.    Rev. Stats., sec. 4876; Bemis v. Wells, 10 Texas Civ. App., 626; Filgo v. Bank, 38 S. W. Rep., 236; Cahn v. Jaffray, 12 Texas Civ. App., 324; McLeod Artesian Well Co. v. Craig, 43 S. W. Rep., 934.

GAINES, Chief Justice.—In this case the Court of Civil Appeals for the Fifth Supreme Judicial District have certified for our determination the following question:

"Bloom, Cohn & Co. sued J. N. Mitchell & Co. and one J. F. Metcalf to recover certain goods, charged to have been sold to Mitchell & Co. upon the faith of representations as to their financial condition, which representations were false and fraudulently made, etc.; the petition sets forth a good cause of action, for rescission of the contract of sale upon grounds of fraudulent representations inducing the sale, and for a recovery of the goods.

"A writ of sequestration was applied for, and issued, and the goods —or rather a portion of them—were seized while in the possession of

said Metcalf, who held them in the capacity of trustee under a deed of trust made by Mitchell & Co. for the benefit of certain of their creditors. Metcalf replevied the goods. The writ of sequestration was quashed, on account of the affidavit for the writ being defective in failing to state the county in which the property was situated, and in failing to describe the property with sufficient certainty; and on the further grounds that the sequestration bond only had one surety upon it.

"The plaintiffs recovered judgment against Mitchell & Co. and J. F. Metcalf for a portion of the goods sued for, and judgment was rendered in plaintiffs' favor against the sureties of Metcalf upon the replevy bond.

"In a sequestration suit, wherein the property has been seized and replevied, when the writ of sequestration is properly quashed on account of defects in the affidavit and bond, or either of them, and when the plaintiff recovers the property of the defendants, may judgment also be rendered in plaintiff's favor against the sureties upon the replevy bond? In other words, does the quashal of the sequestration proceeding put an end to the liability of the sureties upon the replevy bond, notwithstanding the plaintiff recovers of the defendants the property sued for?"

Perhaps, according to the weight of authority in other States, the giving by the defendant of what is commonly known in other jurisdictions as a delivery or a redelivery bond, for property provisionally seized under ancillary process, is a waiver of defects in the proceedings upon which the writ is founded, and the sureties on such bond are held liable, notwithstanding the writ, but for such bond, may have been subject to be quashed. We have made no critical examination of the cases bearing upon the question, for the reason that it is all a matter of statute law, and the ruling in each State must depend in a measure upon the language of its statutes which authorize the proceeding.

As we understand our decisions, a different rule has prevailed in this court from an early day. In Cheatham v. Riddle, 8 Texas, 162, the property of the defendant was seized by a writ of sequestration, and was replevied by him. He moved to quash the writ, but his motion was overruled. Judgment was then rendered against him and his sureties from which he alone appealed. One of his assignments of error was to the action of the court in overruling his motion to quash. The court held that the motion ought to have been sustained, but that the error was harmless as to him, since the plaintiff was entitled to judgment against him without reference to the bond. But they also held, that their judgment of affirmance did not affect his sureties upon his replevy bond, and that the sureties could still sue out a writ of error to the judgment. They do not say that the sureties were entitled to be relieved of the judgment against them; but it would seem that, if the court had been of opinion that the bond was valid notwithstanding the writ was illegally issued, they would have placed their ruling upon that ground.

In Weir v. Brooks (17 Texas, 638), a distress warrant was sued out

by the plaintiff and was levied upon the property of the defendant, who gave a bond under the statute for its release, with Weir as surety. The defendant moved to quash the warrant, but his motion was overruled and judgment was rendered against him and his surety. The surety alone appealed and it was held that the warrant ought to have been quashed, and the judgment was reversed as to the surety. The court do not distinctly say that the illegality of the warrant was fatal to the bond; but we think that is what was meant.

In Burch v. Watts (37 Texas, 135), it is held, that, where an attachment is illegally issued, the sureties upon the replevy bond of the defendant are not bound. The cases of Weir v. Brooks, and Burch v. Watts, supra, are cited with approval in Hodde v. Susan, 58 Texas, 393.

In Rohrbough v. Leopold (68 Texas, 254), there was an appeal by the principal and sureties upon a replevy bond in a sequestration case, and it was held that the District Court erred in not quashing the writ and in giving judgment against the sureties. The judgment against the sureties was accordingly reversed and rendered in their favor, but the judgment against the principal was affirmed.

In Flynn v. Lynch (1 White & W., C. C., sec. 787), our former Court of Appeals made the same ruling. That court, however, held differently as to a replevy bond in a distress proceeding (Sexton v. Hindman, 2 Will., C. C., sec. 462), thus inadvertently, as we presume, conflicting with the ruling of this court in Weir v. Brooks, cited above.

In the case of The Kildare Lumber Company v. The Atlanta Bank (ante p. 95), the same ruling was made as in Burch v. Watts, supra.

Two of our Courts of Civil Appeals have held a replevy bond given by the defendant in a sequestration proceeding good even after the writ of sequestration was properly quashed. Nevertheless we feel constrained to adhere to what we conceive to be the former rulings of this court, and to hold that when the writ falls the bond falls with it. Since without a lawful writ there is no authority for the seizure of the defendant's property and hence none for its replevy, it follows, as we think, that when in the suit in which the writ of sequestration is sued out it is vacated by a judgment of the court, all proceedings under the writ, in so far at least as they inure to the benefit of the plaintiff, are likewise of no effect.

We therefore answer the question as propounded in its first form in the negative. As propounded in the second form we answer it in the affirmative; and our opinion will be so certified.