## McSWEENEY v. ELLERMAN et al.

(Court of Civil Appeals of Texas. El Paso. March 6, 1913. Rehearing Denied March 27, 1913.)

LANDLORD AND TENANT (§ 296*)—SEQUESTRATION (§ 20*)—RIGHT OF LESSOR TO MAINTAIN—POSSESSORY ACTION.

While there is an implied obligation upon a lessor to deliver possession to his lessee, and in order to fulfill that obligation he may maintain a possessory action against one unlawfully upon the premises, yet where the lessee has accepted rent from one unlawfully in possession, and has treated him as a subtenant, the lessor can maintain no possessory action; and hence a writ of sequestration sued out by the lessor against the one in possession is improvidently issued, and there is no liability on the possessor's replevy bond.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1272–1275, 1283; Dec. Dig. § 296;* Sequestration, Cent. Dig. §§ 42–49; Dec. Dig. § 20.*]

Appeal from District Court, Harris County; Charles E. Ashe, Judge.

Action by Charles McSweeney against J. T. Ellerman and others. From a judgment

---

against the named defendant alone, plaintiff appeals. Affirmed.

John Lovejoy and J. W. Parker, both of Houston, for appellant. Brockman, Kahn & Williams, of Houston, and Turney & Burges, of El Paso, for appellee.

HIGGINS, J. On September 8, 1908, Mc-Sweeney filed suit in trespass to try title against Ellerman to recover possession of the two upper floors of a building owned by plaintiff, situate in city of Houston, and upon the same date procured the issuance of a writ of sequestration under which the premises in controversy were seized. On September 11, 1908, Ellerman gave replevin bond and retained possession. He remained in possession until December 9, 1910, when he surrendered the premises, but made no payment of rent. On April 18, 1911, plaintiff filed an amended petition, setting up the surrender of the premises to him, but asked judgment against Ellerman and the sureties on his replevin bond for the value of the rents up to the date of the surrender of the premises. Defendant in his trial answer, filed April 18, 1910, averred that by written contract the premises were leased by Mc-Sweeney to J. N. Wisner from January 7, 1907, to January 6, 1908, and that Wisner, with Mc-Sweeney's consent, had transferred the leasehold to Ellerman, and at the expiration of the lease the same had been renewed for another year, and did not terminate until January 7, 1909. That, becoming uneasy with regard to being permitted to remain in possession under the verbal lease, he took the matter up with E. N. Mills, the agent of plaintiff, with the view of securing a written contract, or, if verbal, that its terms be witnessed by disinterested parties, whereupon plaintiff, acting through Mills as agent, on or about July 1, 1908, entered into a new verbal contract, whereby the premises were leased to him for one year, beginning July 1, 1908. That, if he was mistaken with reference to said allegations concerning the subsequent verbal contract, then he averred that on May 20, 1908, McSweeney, by written contract, leased the premises to the Texas Dental College for a period of three years beginning July 1, 1908, and terminating June 30, 1911, which contract was a valid and subsisting one on the date the suit was filed, and upon that date, if any one other than defendant had the possessory right to the premises it was the Texas Dental College, wherefore McSweeney at the time he filed the suit was not entitled to do so and could not recover.

It was further alleged that the Texas Dental College, acting through its agent, E. N. Mills, with consent of plaintiff, by verbal contract leased the premises to defendant for one year beginning July 1, 1908, and terminating June 30, 1909, at the rate of $100 per month.

Omitting formal portions, the charge to the jury reads:

"(1) If you believe from the evidence that the Texas Dental College surrendered back its lease to the plaintiff, McSweeney, then in such event you will return a verdict in favor of the plaintiff for the reasonable rental value of the premises in controversy from the date of such surrender to December 9, 1910, unless you should find that during a portion of such time the defendant Ellerman was holding said property under a verbal contract of lease, in which event, during such time which you may find the said Ellerman was holding said property under verbal lease from the plaintiff, if you have so found, you will allow the plaintiff the amount stipulated in the verbal lease to be paid as rent for said premises during such time and for the balance of the time to December 9, 1910, the reasonable rental value of such premises.

"(2) If you find plaintiff is entitled to recover rent under the first paragraph of this charge, and should find that the defendant Ellerman had no verbal lease during any of the time for which you find rent in favor of the plaintiff, you may say for your verdict: 'We, the jury, find for the plaintiff and assess his damages at ——— dollars (filling in the amount), and find against plaintiff as to the bondsmen named in plaintiff's trial petition, and John I. Brockman, administrator, and against defendant Ellerman on his cross-action for damages.' If, on the other hand, you have found plaintiff entitled to rent, but find that during a portion of the time for which he is so entitled to rent that the defendant Ellerman was holding under a verbal lease, the form of your verdict may be as follows: You filling in the blanks for dates and amounts: 'We, the jury, find that plaintiff is entitled to recover against the defendant Ellerman rent from the ——— day of ——— to the ——— day of ——— and that during such time the defendant Ellerman was holding under a verbal lease with the plaintiff from the ——— day of ——— to the ——— day of ——— at an agreed monthly rental of ——— dollars per month, and we therefore return our verdict in favor of the plaintiff for the sum of ——— dollars, during the time the defendant held said property under verbal lease, and we further find in favor of the plaintiff as the reasonable rental value of said premises, from the date of the expiration of the verbal contract of rental between plaintiff and defendant, the sum of ——— dollars, making a total for which we find for the plaintiff ——— dollars, and find against plaintiff as to the bondsmen named in plaintiff's trial petition and John I. Brockman, administrator, and against defendant Ellerman on his cross-action for damages.'"

The verdict of the jury reads: "We, the jury, find for the plaintiff, and assess his damages at twenty-six hundred seventy-three and $33/100$ dollars, and find against plaintiff

as to the bondsmen named in plaintiff's trial petition, and John I. Brockman, administrator, and against defendant Ellerman on his cross-action for damages." Upon this verdict judgment was rendered in McSweeney's favor against Ellerman for $2,673.33 in favor of the sureties upon the replevin bond and against Ellerman on his cross-action.

Explanatory of the court's action in refusing to enter judgment against the sureties, the following recital appears in the judgment: "The court, being of the opinion that the uncontroverted evidence conclusively showed that the defendant Ellerman at the time of the institution of this suit was the tenant of the Texas Dental College, and not the tenant of the plaintiff, and being further of the opinion as matter of law that plaintiff was not entitled to maintain suit for possession at the time he brought it, declined to submit to the jury the question whether under the evidence plaintiff had a right to maintain the suit for the possession, but adjudged that question against plaintiff, announcing that fact from the bench and thereupon charged them as shown in the main charge on file, and now declines to enter judgment against obligors on the said replevy bond." Appellant complains here of this action on the part of the court in refusing to enter judgment against the sureties on the replevin bond. The record discloses that by written contract dated May 20, 1908, McSweeney leased the premises to the Texas Dental College for a period beginning July 1, 1908, and ending June 30, 1911, and it was provided therein that McSweeney should use all reasonable means and diligence to deliver possession in accordance with the contract. On September 17, 1908, this contract was canceled, and the lessee's rights thereunder surrendered. The verdict returned, considered in connection with the charge, discloses that the jury found that Ellerman had no verbal contract for one year's lease, as alleged by him, and the first error assigned, which is submitted as a proposition, reads: "The verdict of the jury, under the charge of the court, was a special finding that the defendant Ellerman had no verbal lease such as claimed by him, and therefore the plaintiff had a right to possession of the premises, and to institute this suit to recover that possession upon defendant refusing to surrender it, and the court should have entered judgment under the statute against the sureties on Ellerman's replevy bond."

For the purposes of this case, it may be assumed that in this state an implied obligation rests upon the lessor to deliver possession to his lessee, and, to fulfill this obligation, he has the right to maintain a possessory action against one unlawfully in possession. It must also be conceded that the verdict of the jury, in effect, constituted a special finding that from the date the Texas Dental College surrendered its rights under its lease contract Ellerman was not in possession by virtue of either of the verbal contracts for one year alleged in his answer. This surrender was on September 17, 1908, and there was no issue submitted to the jury, nor any finding by it directly or inferentially, as to whether or not during the months of July and August, 1908, Ellerman was a tenant from month to month of the Dental College. It is unnecessary to detail the evidence upon this issue, but it is unequivocal and uncontradicted that during those months and for those months Mills, as the agent of the Texas Dental College, with the knowledge, consent, and approval of the college, collected rents from Ellerman as its tenant from month to month. Such being the case, the implied obligation resting upon plaintiff to deliver possession to his lessee, as well as the express obligation resting upon him by virtue of his covenant so to do contained in his lease, became no longer obligatory upon him, since his lessee was in possession, and he therefore had no possessory right in his own behalf or in behalf of the college upon the date he filed his suit. If after August Ellerman unlawfully remained in possession, this was no concern of the plaintiff, but was a matter in controversy between the college and Ellerman, and it was incumbent upon the college to obtain possession from its tenant. No possessory right was revested in plaintiff until September 17, 1908, when the college surrendered its rights under its lease.

It therefore follows that the trial court correctly held that at the time of the institution of the suit plaintiff was not entitled to maintain a possessory action. It follows, then, as a further necessary deduction, that the writ of sequestration was unlawful and improvidently issued, and without a lawful writ there was no authority for the seizure of the property, hence none for its replevy. The court therefore properly held the issuance of the writ unlawful, and that there was no liability upon the replevin bond. Mitchell v. Bloom, 91 Tex. 634, 45 S. W. 558; Burch v. Watts, 37 Tex. 135; Lincoln v. Hollenbach, 49 S. W. 686.

What has been said disposes of the remaining assignments of error. The evidence is sufficient to show a surrender to plaintiff by the Texas Dental College on September 17, 1908, of its rights under the lease contract of May 20, 1908, and appellee's cross-assignment is therefore overruled.

Affirmed.