**COOPER et al. v. COOK.** (No. 3239.)

(Court of Civil Appeals of Texas. Texarkana. April 22, 1926.)

1. **Sequestration** ⚖️12.

Sequestration· affidavit that affiant "holds a lien against and is the owner of" property ·held objectionable as not definitely specifying his interest, as required by Rev. St. 1925, art. 6841.

2. **Sequestration** ⚖️13.

Writ of sequestration issues only in behalf of one asserting title to, or lien or privilege on, property, and must state explicitly either ownership in applicant or lien giving him special property right.

3. **Sequestration** ⚖️20.

When writ of sequestration is improvidently issued, sureties on replevy bond are not liable.

4. **Sequestration** ⚖️20.

Surety on replevin bond in sequestration proceedings is not liable for court costs.

5. **Sequestration** ⚖️12.

Error in issuing writ of sequestration on insufficient affidavit as to applicant's interest in property does not go to his right to sue for debt and to foreclosure of lien, sequestration being only auxiliary process.

6. **Justices of the peace** ⚖️159(1).

Successful party may appeal from justice court without bond.

7. **Courts** ⚖️184.

Pleadings in county court may be oral.

8. **Appeal and error** ⚖️916(2).

Appellate court must presume, on appeal from judgment of county court foreclosing laborer's lien, that pleadings were oral and sought foreclosure.

Appeal from Anderson County Court; W. C. Quick, Judge.

Suit by J. Q. Cook against Joe Cooper and others. Judgment for plaintiff, and defendants appeal. Modified and affirmed.

Miller & Miller, of Athens, for appellants. P. S. Colley, Jr., of Palestine, for appellee.

LEVY, J. . The suit was by the appellee, founded on a series of labor claims purchased by him. The parties to whom the labor claims were due and owing had filed a statutory laborer's lien on the property, and they transferred the lien and the debt by assignment to appellee. At the time of filing the suit, the appellee sued out a writ of sequestration purely in aid of the foreclosure of the statutory laborer's lien on the property. The affidavit alleged, omitting the formal parts, that—

"He (appellee) holds a lien against and is the owner of the following described property, and is entitled to the possession of the same, situated in Anderson and Cherokee counties, Tex., to wit: a carload of lumber located in one car No. 17984 Southern Pacific Railway Company (T. & N. O.), being lumber milled at the mill of Joe Cooper, W. M. Weaver and W. M. Collins at their mill near Frankston, Tex., and being shipped by defendants to Sam A. Cobbs at Jacksonville, Tex., and a stack of lumber now on the right of way of the railway company at Frankston, all of the value of $200," etc.

A replevy bond was given by the defendants, with only one surety.

The case was tried on special issues, and in keeping with the verdict of the jury the court entered judgment for the·appellee. The judgment also runs against the surety on the replevy bond for costs of the trial court.

[1-5] During the trial of the case the appellants made a motion to quash the sequestration proceedings because the affidavit was duplicitous, stating that appellee was both "the owner" and "held a lien against" all of the property. The court overruled the motion, as well as the objection to its admission in evidence. The appellee was not claiming in the trial that he was the· owner of part of the property and had a lien on part of it. Neither does the affidavit so state. Appellee was in fact claiming to have only a laborer's lien on the lumber, for labor done in the cutting and manufacturing of it. The statute requires that the applicant for a writ of sequestration in his affidavit therefor shall "specify such interest" that he has in the property sought to be sequestered. Article 6841, R. S. 1925. If the applicant "is the owner of the property sued for," he shall so "specify such interest" in the property. If the applicant is not "the owner," then he shall state "such interest" that he has, as, for instance, a chattel mortgage lien or a laborer's lien. It may be that an applicant is the "owner" of a part of certain property and has a lien of some kind on the remainder. In such case the applicant should so state. In the present case it is not a compliance with the statute to state, as done, that the applicant was "the owner and has a lien against" all the property sought to be sequestered. Such affidavit is subject to the objection that it does not set forth specifically or definitely·the right or "interest" under which the applicant claims the property in order to obtain the relief by writ of sequestration. There is uncertainty as to the actual ground relied upon. The applicant could not have "a lien" in his favor on property of which he was the sole "owner." The writ of sequestration, unlike that of attachment, issues only in behalf of the person who asserts title to the property sought to be taken into judicial custody, or a lien or privilege upon it. It is for this reason that the affidavit must state explicitly either ownership in the applicant, or a lien giving a special property

right. Writs issued without this essential formality having been complied with will be set aside. 35 Cyc. p. 1396. When a writ has been improvidently issued, there can be no liability as to sureties on a replevy bond. Mitchell v. Bloom, 91 Tex. 635, 45 S. W. 558. And neither is a surety on a replevin bond when valid liable for court costs. Pipkin v. Finch (Tex. Civ. App.) 97 S. W. 1077. Therefore these contentions of appellant should be sustained. The error, however, is not a matter which goes to the right of the appellee to maintain the action for the debt and for foreclosure of the lien. The sequestration was only an auxiliary process.

[6] The appellee was entitled to appeal from justice court without bond. Edwards v. Morton, 92 Tex. 152, 46 S. W. 792.

[7, 8] The pleadings in county court may be oral, and we must presume that they were and that they sought a foreclosure. The court determined that there was a laborer's lien in favor of appellee.

The judgment of the county court is modified so as to deny a recovery on the replevin bond as to the makers and surety thereon; otherwise the judgment is affirmed, as to a personal judgment against W. M. Collins, with foreclosure of the laborer's lien on the property described. The appellee to pay costs of this appeal and all costs incurred in the trial courts by all the defendants except W. M. Collins.

Modified and affirmed.