### SLINE v. BAXTER.    (No. 9698.)

(Court of Civil Appeals of Texas. Dallas. Jan. 22, 1927.)

Sequestration ⬅⟶20—Where irregularities on face of record may invalidate sequestration proceedings, refusal of findings on motion for rehearing by surety on defendant's replevin bond held error.

In sequestration proceedings, wherein defendant replevied property and judgment was entered against defendant and on the replevin bond, *held* that court's refusal to prepare and file finding of fact and conclusion of law on motion for rehearing made by bondsman was reversible error; there being irregularities in the sequestration proceedings apparent on the face of the record which might render proceedings void.

Error from Dallas County Court; Paine L. Bush, Judge.

Suit and sequestration proceedings by G. E. Baxter against Mrs. Avia Hawthorne, wherein defendant replevied the property by giving bond therefor signed by John P. Sline. From the judgment, John P. Sline brings error. Reversed and remanded as to him.

G. L. Perkinson and O. F. Weneker, both of Dallas, for plaintiff in error.

Ed B. Freeman and Lee Richardson, both of Dallas, for defendant in error.

JONES, C. J. On March 16, 1925, defendant in error, G. E. Baxter, filed suit in the county court of Dallas county at law No. 1 against Mrs. Avia Hawthorne to recover certain personal property then in the possession of Mrs. Hawthorne. On the same day defendant in error, after filing an affidavit for such purpose, secured a writ of sequestration by means of which the property described in his petition was taken into the possession of the sheriff. This affidavit was sworn to on the 4th day of March, 1925, but was not filed until March 16, 1925. Afterwards Mrs. Hawthorne replevied the property by giving a bond therefor, which bond was signed by plaintiff in error, Sline.

Mrs. Hawthorne filed her answer to said suit, and in which she leveled a general demurrer at defendant in error's petition and a number of special exceptions directed to irregularities in the sequestration proceedings, together with a special answer. On May 29, 1925, this case was called for trial, and Mrs. Hawthorne made no appearance either in person or by attorney, with the result that after evidence was offered by defendant in error, a judgment was entered decreeing title to the property in him and also the usual judgment on the replevin bond.

Plaintiff in error received no notice of either the setting of the case for trial or the trial thereof and did not know of the judgment being entered against him until the latter part of August, 1925, when he was informed by the sheriff that he had an execution for the amount of the judgment. The term of the court at which the judgment was rendered did not adjourn until the 5th of September, and on the 31st of August he prepared and filed, in his own behalf, a motion for rehearing, assigning as error various alleged errors, including errors in reference to irregularities in the sequestration proceedings and the return of the sheriff on the sequestration writ, this return showing that on March 16, 1925, the day he took into his possession the property, he delivered same to Mrs. Hawthorne by virtue of her replevin bond. The replevin bond, however, was not executed until April 1, 1925, and not filed in the court until April 3, 1925.

This motion for rehearing on the part of plaintiff in error was overruled on September 4, 1925, and plaintiff in error in open court requested that the court prepare and file a finding of fact and conclusion of law, this request being entered on the docket and also carried into the minutes of said court. The court did not prepare and file a finding of fact or conclusion of law, and the failure to do this is also assigned as error.

There being apparent on the face of the record such irregularities in the sequestration proceedings that might render such proceedings invalid, and thereby, under the authority of Mitchell v. Bloom, 91 Tex. 634, 45 S. W. 558, release the surety on the replevin bond, we cannot say that appellant did not suffer an injury by the failure of the court to perform this statutory duty. For this reason this case must be reversed and remanded, as between plaintiff in error as surety on

---

⬅⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the replevin bond and defendant in error. The judgment against Mrs. Hawthorne as to the ownership of the property and as principal and the other parties as sureties on the replevin bond is not disturbed, as they have not joined in the appeal.

Reversed and remanded.