**880**

## THE LEADER, Inc., et al. v. ELDER MFG. CO.

### No. 1470—5708.

Commission of Appeals of Texas, Section A.

June 10, 1931.

Wynne & Wynne and Angus G. Wynne, all of Kaufman, for plaintiffs in error.

Carter & Berwald and Elihu E. Berwald, all of Dallas, for defendant in error.

SHARP, J.

The Elder Manufacturing Company instituted this suit in the county court of Kaufman county against The Leader, Inc., to recover upon four checks aggregating $302.40, and a writ of attachment was at the same time issued and placed in the hands of the sheriff for execution. The writ was executed and return made thereon. Thereafter a replevy bond was tendered to the sheriff and accepted by him. A motion to quash the affidavit and bond was made by William Goldstein, and the trial court entered judgment quashing the affidavit and bond in attachment. The record shows that the Elder Manufacturing Company filed an amended petition on the same day that the motion to quash the affidavit and bond were filed and alleged that it complained of The Leader, Inc., and The Kemp Leader, Inc., alleging them to be one and the same.

The trial court gave judgment for the Elder Manufacturing Company against The Leader, Inc., but quashed the affidavit and bond in attachment. An appeal was made to the Court of Civil Appeals and the judgment of the trial court was reversed, and judgment rendered that the Elder Manufacturing Company have judgment against the sureties on the replevy bond for the full amount of the judgment rendered in favor of Elder Manufacturing Company against The Leader, Inc., 25 S.W.(2d) 274. Writ of error was granted.

Plaintiffs in error contend that it affirmatively appearing from the record that the bond and affidavit in the attachment proceedings were quashed, and that the replevy bond was never introduced in evidence, but on the contrary was expressly excluded, the Court of Civil Appeals erred in rendering judgment against the sureties on the replevy bond, based upon evidence not admitted upon the trial, for since the Court of Civil Appeals has no power to find facts in the first instance, it could not enter judgment against the sureties on the bond which was excluded from evidence.

It is undisputed, as shown by the record, that the replevy bond was never introduced in evidence, but, on the contrary, plainly shows that the bond was excluded. The rule is well established in this state that the Court of Civil Appeals has no power to find facts in the first instance, and under R. S. 1925, article 1856, authorizing that court on reversal of a judgment to render such a judgment as the trial court should have rendered, "except when it is necessary that some matter of fact be ascertained," where a judgment is reversed the Court of Civil Appeals cannot render a judgment for the other party based on evidence not admitted on the trial, but must remand the case to the trial court. Patrick v. Smith, 90 Tex. 267, 38 S. W. 17; Eidson v. Reeder et al., 101 Tex. 202, 105 S. W. 1113; Abbott Oil Co. v. San Antonio Brewing Ass'n, 104 Tex. 574, 141 S. W. 517; Nast v. S. A. U. & G. Ry. Co. (Tex. Com. App.) 261 S. W. 1011.

It is also equally well settled in this state that where an attachment of property replevied by defendant is quashed, the bond should be discharged. Kildare Lumber Co. v. Atlantic Bank, 91 Tex. 95, 41 S. W. 64; Mitchell & Co. v. Bloom et al., 91 Tex. 634, 45 S. W. 558; Hayes v. Davis (Tex. Civ. App.) 18 S.W.(2d) 704.

We sustain this assignment.

Plaintiffs in error further contend that the Court of Civil Appeals erred in holding that William Goldstein, as a surety on the replevy bond, had no right to attack the sufficiency of the affidavit and bond in attachment, under which the property replevied was attached; that right being given exclusively to the defendant.

The record further discloses that William Goldstein was cited as president of The Leader, Inc.; that the replevy bond was signed by The Kemp Leader, Inc., by William Goldstein, secretary and treasurer, as principal, and by William Goldstein as one of the sureties. It also shows that in the motion filed by Goldstein to quash the affidavit and bond it is not stated whether the motion was filed on behalf of The Kemp Leader, Inc., or by him as surety. The trial court in its findings says that the findings were made and filed on defendant's motion to quash the attachment proceedings, thus showing that the court considered the motion filed on behalf of The Leader, Inc. The court quashed the affidavit and bond.

The Court of Civil Appeals evidently construed the motion filed by Goldstein to quash the affidavit and bond as being filed by him as surety and not for The Leader, Inc., and held that, being a surety on the replevy bond, he had no right to attack the validity of the affidavit and bond. To sustain its conclusions the Court of Civil Appeals cite the following authorities: Goodbar v. Bank, 78 Tex. 461, 14 S. W. 851, 852; Roos v. Lewyn, 5 Tex. Civ. App. 593, 23 S. W. 450, 24 S. W. 538; Hart v. Jopling (Tex. Civ. App.) 146 S. W. 1075; Calvert v. Bennett (Tex. Civ. App.) 286 S. W. 303.

Let us briefly review the authorities cited by the Court of Civil Appeals and ascertain if they support the conclusions of that court.

The case of Goodbar, White & Co. v. National Bank involved the right of subsequent attaching creditors to question the sufficiency of the affidavit for attachment, and it does not appear that the question of suretyship was involved in that opinion. Chief Justice Stayton held:

"The statute provides that 'every original attachment issued without affidavit and bond as herein provided shall be abated on motion of defendant.' Rev. St. art. 159.

"In accordance with this statute, the right to abate an attachment, on account of defects in affidavit or bond, has been restricted to defendants, and has not been allowed to creditors subsequently causing the same property to be attached. Nenney & White v. Schluter & Co., 62 Tex. 328; Bateman v. Ramsey, 74 Tex. 592, 12 S. W. 235."

An inspection of the Revised Statutes of 1925 discloses that the Legislature omitted that article entirely from the codification of the laws of this state, hence the holding of the Supreme Court in that case based on the foregoing article, which is no longer in the statutes, is not controlling or applicable in this case.

The case of Roos v. Lewyn et al. involved the question that where an attachment has been merged in a judgment, a claimant of the attached property cannot in a trial of the right of property question the sufficiency of the affidavit on which the attachment issued, and, if he could, it would have to be by a special plea in the nature of abatement before pleading to the merits. We have no difficulty in distinguishing that case from the case at bar.

The case of Hart v. Jopling involved the proposition that the truth of the allegations of an affidavit for attachment cannot be controverted to abate the writ, and the sureties on a bond in replevy of attached property cannot procure abatement of the attachment writ for any falsity in the affidavit for attachment. It is evident that the rule announced in that case is not applicable to the facts in this case. The attachment in the case of Calvert v. Bennett was never quashed, and the particular question here under consideration was not involved.

■ The view we take of this case renders the question immaterial as to whether the motion filed to quash the affidavit and bond by William Goldstein was filed for The Leader, Inc., or for himself as surety on the replevy bond. In our opinion, the sureties upon a replevy bond in attachment proceedings have a right to protect their interests by moving to quash the affidavit and bond, as was done in this case, and by interposing a defense to the suit. The names of the sureties on a replevy bond may not appear on the docket as parties to the suit, but we think that in view of their interests and connection with the suit, they have a right to question the sufficiency of the affidavit and bond in the attachment proceedings. This question has been settled by the decisions of this state. Burch v. Watts, 37 Tex. 135; Hodde v. Susan, 58 Tex. 389; Mitchell & Co. v. Bloom, 91 Tex. 634, 45 S. W. 558.

In the case of Hodde v. Susan, supra, Chief Justice Willie says: "Here, then, we have all the characteristics of a party to a suit combined in such surety. This court has heretofore held that a surety on an attachment bond might move to quash it (Burch v. Watts, 37 Tex. 135), and that a surety on the bond of a defendant in a distress warrant suit might take a writ of error to the supreme court. Weir v. Brooks, 17 Tex. 638."

The record further shows that the trial court heard testimony upon motion to quash the affidavit and bond and found that the bond and affidavit had been materially altered after they had been executed and filed with the clerk of the court. We do not feel justi-

fied in disturbing the action of the trial court in quashing the affidavit and bond. It follows from what has been said that the Honorable Court of Civil Appeals erred in reversing the judgment of the trial court and rendering judgment in this case.

We, therefore, recommend that the judgment of the Court of Civil Appeals be reversed and that the judgment of the trial court be in all respects affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.