**MID–CONTINENT ENGINEERING CO., Inc., v. ARROW PETROLEUM CORPORATION.**

No. 732 Civil.

District Court, N. D. Texas, Dallas Division.

Aug. 18, 1942.

J. L. Goggans, of Dallas, Tex., for the motion.

Thompson, Knight, Harris, Wright & Weisberg, of Dallas, Tex., opposed.

ATWELL, District Judge.

Plaintiff entered the state court claiming $47,202.51 to be due it on a contract theretofore executed between it and the defendant for the erection of a refinery. It is a Kansas corporation; the defendant is an Illinois corporation. The defendant seasonably removed.

The plaintiff sought service and jurisdiction over the defendant by securing a writ of attachment which it caused to be levied upon a number of pieces of personal property in Dallas.

In contending that its claim was unliquidated, it sought and secured from the district judge, an order fixing the attachment bond at $6,000. Later, the defendant replevied, and now seeks to quash the attachment on the ground that the plaintiff's claim was liquidated, and being liquidated, the Texas attachment statute, Vernon's 1936 Civ.St. art. 281, required the bond to be double the amount of the claim.

The plaintiff does not concede this position, but does contend that the defendant having replevied, has waived its right to quash.

■ The contest centers around the construction of Texas statutes. This court must, therefore, follow the path of the highest courts of that state in passing upon the issue. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

■ The exact amount claimed by the plaintiff is figured on the words of the contract attached to its petition. The amount claimed is made up of two items. The first is $20,592.31, being the exact difference between the value of materials furnished and the amount paid it by the defendant. The second amount is figured upon the contract agreement of 15% on the total engineering work performed, to-wit, $177,401.34, which amounts to $26,610.20, and these two items aggregate the amount sued for. There appears to be no question that the cause of action is liquidated rather than unliquidated. Sweatt et al. v. Grogan et al., D.C., 25 F.Supp. 585. The liberality in defining "liquidated," seems to be justified by the harshness of the remedy of attachment.

■ The plaintiff's reasoning that the replevin waived the statutory requirement just mentioned is in harmony with the majority of the decisions of other states, but it is not supported by the Texas decisions and they must govern. Hayes v. Davis, Tex.Civ.App., 18 S.W.2d 704; Carney v. Stanley, Tex.Civ.App., 23 S.W. 2d 770; Taylor v. Whitehead, Tex.Civ. App., 65 S.W.2d 1110; Burch v. Watts, 37 Tex. 135; Mitchell v. Bloom, 91 Tex. 634, 45 S.W. 558; Kildare Lbr. Co. v. Atlanta, 91 Tex. 95, 41 S.W. 64; American Surety Co. v. Stebbins, Lawrence & Spraggins Co., 107 Tex. 413, 180 S.W. 101, L. R.A.1916F, 583; Hall v. Miller, 21 Tex. Civ.App. 336, 51 S.W. 36; Sullivan & Co. v. King, Tex.Civ.App., 80 S.W. 1048; The Leader, Inc., v. Elder Mfg. Co., Tex.Com. App., 39 S.W.2d 880.

The citation on page 502 of 7 C.J.S., Attachment, § 313, sub-division (b), refers to the weight of authority in states other than Texas and cites Turner v. Martin, Tex.Civ.App., 45 S.W.2d 236, which is a Texas case. The plaintiff also cites Gould v. Baker, 12 Tex.Civ.App. 669, 35 S.W. 708, and Mueller v. Gollober, Tex.Civ.App., 252 S.W. 1076. This case is really for the defendant, though somewhat confused in expression.

The Secundum resume of authorities from other states must give way, in deciding a Texas case, to the Texas rule, Fidelity Union Trust Co. v. Field, 311 U. S. 169, 177, 61 S.Ct. 176, 85 L.Ed. 109; Six Companies v. Joint Highway Dist., 311 U.S. 180, 61 S.Ct. 186, 85 L.Ed. 114; Stoner v. New York Life Ins. Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284. When Judge Gaines spoke in Mitchell v. Bloom, 91 Tex. 634, 45 S.W. 558, it was the voice of the Supreme Court. The two Texas cases cited by the plaintiff are not in line with the Texas rule.

A rule would be harsh indeed which allowed the summary taking of a defendant's property upon faulty preliminary steps, and then denied the defendant the right to retake his property, unless, by such retaking, he conceded and waived his right to attack the method pursued by the plaintiff in taking. That which was done wrongly by the plaintiff could hardly be made right by the performance of a statutory right given to the defendant.

The motion to quash must be sustained.